State ex rel. WILLIAM BARBEE and others v. H. WEATHERSPOON and others.

## *Habeas Corpus.*

A party, set at large by writ of *habeas corpus,* upon the ground that the judgment of imprisonment was void for want of jurisdiction in the court, may be again arrested for the same cause upon legal process of a court having jurisdiction—either to try or bind over.

CIVIL ACTION tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

Defendants' demurrer to complaint sustained, and plaintiffs appealed.

*Messrs. T. R. Purnell* and *W. M. Busbee*, for plaintiffs.
*Messrs. Fowle & Snow* and *J. C. L. Harris*, for defendants.

RUFFIN, J. This action is brought to recover the penalty of twenty-five hundred dollars, given by the statute to any one who may be imprisoned or detained for a cause, for which he has been once delivered on a *habeas corpus*, and is before us upon an appeal taken from a judgment of the superior court, sustaining a demurrer to the complaint.

The case made by the complaint is as follows: In February, 1880, the *feme* plaintiff was arrested on a warrant and brought before the defendant, Weatherspoon, an acting justice of the peace for Wake county, charged with having aided and abetted one Anna Smith in an attempt to poison one Emma Scott. The justice took final jurisdiction of the matter, and holding the plaintiff to be guilty, sentenced her to an indefinite term of imprisonment.

Application in her behalf was made to Justice ASHE of the supreme court, who caused her to be brought before him by *habeas corpus*, and, declaring her imprisonment to be unlawful, directed her to be discharged therefrom, and accordingly the same was done.

Immediately thereafter the defendant, Barbee, who was also an acting justice in the county, issued another warrant for the plaintiff, wherein she was charged with the same offence as set forth in the former warrant, and directed the same to the defendant, Nowell, as sheriff of the county, who arrested and detained her thereon—this latter arrest being procured by the solicitations of the defendants, Weatherspoon and Scott.

The statute, which is substantially the same with the English act of 31, CHARLES II., provides, " that no person who has been set at large upon a writ of *habeas corpus* shall be imprisoned or detained for the same cause, by any person whatsoever, other than by the legal order or process of the court wherein he shall be bound by recognizance to appear, *or of any other court having*

*jurisdiction in the case,* under the penalty of two thousand five hundred dollars to the party aggrieved." Bat. Rev., ch. 54, § 29.

According to its express terms, then, a party once discharged may be again arrested and imprisoned for the same cause, provided it be done by the legal order or process of a court of competent jurisdiction. The sufficiency in form of the second warrant, under which the plaintiff was arrested, was not disputed in the argument; and as it is clear that the justice, who issued and acted upon it, possessed the full jurisdiction of a committing magistrate, and undertook to exert no other, it would seem, there could be no ground upon which to question the correctness of the ruling in the court below upon the demurrer.

In *Yates* v. *Lansing,* 5 Johns., 282, the action was for a similar penalty under the statute of New York, the language of which is almost identical with our own, and to illustrate its meaning, Chief-Justice KENT puts what he calls a "plain case" of a person, who, upon being committed at a court of sessions of the peace, was discharged by a judge on *habeas corpus,* on the ground that the order of commitment was invalid; and he asks, whether in such case there could be any doubt that the court might cause him to be recommitted upon another and a better warrant.

In *ex-parte Milburn,* 9 Peters, 704, the supreme court of the United States held that a discharge upon a *habeas corpus,* upon the ground of the illegality of the process, under which he was imprisoned, did not protect a party from arrest under other process for the same offence.

It is true that in both the cases referred to, the courts which issued the process were courts of record, but no good reason can be perceived, why this circumstance should make a difference, since, within his sphere, the jurisdiction of the justice is as complete as was that of the courts. If, after the plaintiff's discharge upon the writ of *habeas corpus,* any court was competent to try and punish her for the offence charged, it must of neces-

sity follow, that the justice, as a committing magistrate, had the authority, upon proper information lodged with him, to arrest and hold her to bail for her appearance at that court.

The effect of the order of discharge, as made by Justice ASHE, was merely to declare void the judgment under which the plaintiff was then imprisoned, because of the want of jurisdiction on the part of the justice who rendered it, leaving wholly undecided the question of her guilt or innocence; and to so construe the statute as to protect her from another arrest, on account of the grave crime alleged against her, would be to convert the writ of *habeas corpus*, favored because it is a writ of liberty, into a shield and covering for crime.

The conclusion of the court therefore is, that the complaint failed to set forth a good cause of action against the defendants, and that the demurrer thereto was rightly sustained.

No error.          Affirmed.