BENJAMIN W. MORSE *v.* THE UNITED STATES OF AMERICA.

HARRY F. MORSE *v.* THE UNITED STATES OF AMERICA.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 597 and 598. Argued January 9, 1925.—Decided February 2, 1925.

1. Appellants were arrested under a federal indictment in New York while traveling through the State to attend trial under another indictment which they had given bail to answer in the District of Columbia, and were thus prevented from being present there at the time set. *Held* that the arrest was not in violation of the due process of law clause of the Fifth Amendment. P. 81.
2. Even if arrest in such circumstances be a breach of comity as between the two federal tribunals, the objection does not concern the constitutional rights of the persons arrested; nor involve a question of jurisdiction or any error reviewable on *habeas corpus*. *Id.*
3. A judgment of a District Court in *habeas corpus* which discharges a defendant held by a commissioner under Rev. Stats. § 1014 for removal to another district and which is based on a finding that the indictment does not charge a criminal offense, is not *res judicata* either as to the validity of the bench warrant issued by the court in which the indictment is pending or as to the sufficiency of the indictment itself. P. 82.

292 Fed. 273, affirmed.

APPEALS from judgments of the District Court dismissing writs of *habeas corpus*.

*Mr. Nash Rockwood,* with whom *Mr. Charles T. Lark* was on the brief, for appellants.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* was on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Appellants, under indictment in the District of Columbia, while passing through New York on February 6, 192, on their way to Washington for trial, were arrested and taken from the train by a United States marshal upon bench warrants issued on federal indictments found in New York charging them with fraudulent uses of the mails. Previously, their removal to New York from Connecticut and Massachusetts, respectively, for trial under these indictments had been sought under § 1014 Rev. Stats. The removal of Harry F. Morse from Connecticut had been granted by the commissioner, but, upon *habeas corpus* proceedings, he had been discharged from custody by the Connecticut federal district court for want of probable cause, principally on the ground that the New York indictment was insufficient to charge a criminal offence, 287 Fed. 906; although the New York court had previously held it good. The proceedings for the removal of Benjamin W. Morse from Massachusetts were still pending before the commissioner at the time of the arrest. Both appellants were on bail to answer the District of Columbia indictment. Their case had been peremptorily set for trial on the morning following the arrest, and the effect of it was to prevent their appearance at the time set. Upon these facts, writs of *habeas corpus* were granted by the federal district court for the southern district of New York. After a hearing, the writs were dismissed and these appeals followed.

*First.* It is contended that the arrest of appellants in New York, while en route to Washington for trial, under the circumstances stated, was arbitrary, unauthorized and

illegal, and constituted a violation of the due process of law clause of the Fifth Amendment. The contention is plainly without merit. The principle that when the jurisdiction of a court has attached, it must be respected as exclusive until exhausted, is a rule of comity, having a wide application in civil cases but a limited one in criminal cases. *Peckham* v. *Henkel*, 216 U. S. 483, 486. The mutual forbearance which two federal courts having co-ordinate jurisdiction should exercise to prevent conflicts by avoiding interferences with the process of each other, has "perhaps no higher sanction than the utility which comes from concord." *Covell* v. *Heyman*, 111 U. S. 176, 182. But this aside, if there be a violation of the rule of comity here, it primarily concerns only the courts or the sovereignty which is their common superior, and cannot avail the appellants indicted for crimes in the different jurisdictions. Moreover, their constitutional rights are not affected; and if there was error in any respect, it is not reviewable on *habeas corpus*. *Peckham* v. *Henkel*, *supra*, p. 487; *Beavers* v. *Haubert*, 198 U. S. 77, 85. And see *In re Fox*, 51 Fed. 427, 430; *United States* v. *Marrin*, 170 Fed. 476, 479–480.

*Second.* It is urged that the decision of the federal district court in Connecticut discharging Harry F. Morse was *res judicata* and conclusively determined (1) that the New York bench warrant was illegally issued and therefore could not be made the basis for the subsequent arrest in New York; and (2) that the indictment was fatally defective. In respect of the first contention, it is enough to say that the warrant upon which the Connecticut arrest was made was that issued by the commissioner and not the New York bench warrant upon which the present arrest was made. The discharge of the prisoner determined that he could not be held upon the process issued by the commissioner. It had nothing to do with the question whether he could be arrested and held in New York

upon the process issued by the trial court. See *Ex parte Milburn*, 9 Pet. 704, 710; *Barbee* v. *Weatherspoon*, 88 N. C. 19, 20–22; *In re Begerow*, 136 Cal. 293, 299.

The second contention proceeds upon a complete misconception of the purpose for which the indictment is produced and considered in removal proceedings, and the authoritative effect of the ruling of the commissioner and the court on *habeas corpus* in respect thereof. The inquiry in such proceedings is whether there is probable cause to believe the prisoner guilty and justify his removal for trial. That inquiry may be made and the prisoner removed to the trial district in advance of indictment or without the production of the indictment if one has been found. *Greene* v. *Henkel*, 183 U. S. 249, 260; *Pierce* v. *Creecy*, 210 U. S. 387, 403; *United States* v. *Greene*, 100 Fed. 941, 943. The indictment was before the commissioner simply as evidence for the purpose of establishing or tending to establish the commission of an offense; and the commissioner had authority to pass upon its effect in that aspect only. The court reviewing the action of the commissioner under § 1014 upon *habeas corpus* was governed by the same rules and its decision was subject to the same limitation. *Henry* v. *Henkel*, 235 U. S. 219, 230; *Benson* v. *Palmer*, 31 App. D. C. 561, 564–565. Neither had authority to determine the sufficiency of the indictment as a pleading. " The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the State from which he has fled." *Pierce* v. *Creecy, supra,* pp. 401, 402. In *Benson* v. *Henkel*, 198 U. S. 1, 12, this court said:

" While we have no desire to minimize what we have already said with regard to the indictment setting out the substance of the offense in language sufficient to apprise

the accused of the nature of the charge against him, still it must be borne in mind that the indictment is merely offered as proof of the charge originally contained in the complaint, and not as a complaint in itself or foundation of the charge, which may be supported by oral testimony as well as by the indictment. When the accused is arraigned in the trial court he may take advantage of every insufficiency in the indictment, since it is there the very foundation of the charge, but to hold it to be the duty of the Commissioner to determine the validity of every indictment as a pleading, when offered only as evidence, is to put in his hands a dangerous power, which might be subject to serious abuse. If, for instance, he were moved by personal considerations, popular clamor or insufficient knowledge of the law to discharge the accused by reason of the insufficiency of the indictment, it might turn out that the indictment was perfectly valid and that the accused should have been held. But the evil once done is, or may be, irremediable, and the Commissioner, in setting himself up as a court of last resort to determine the validity of the indictment, is liable to do a gross injustice."

See also *Benson v. Palmer, supra; United States v. Reddin,* 193 Fed. 798, 802; *In re Hacker,* 73 Fed. 464; *In re Dana,* 68 Fed. 886, 890; *Ex parte Mitchell,* 1 La. Ann. 413, 414. *Benson v. Palmer, supra,* contains a very full review of the precise question here under consideration. In the course of the opinion, the court, after pointing out that the discharge of the accused from the process under which he was held in the removal proceedings had nothing to do with the process upon which he was subsequently arrested and held by the trial court, that the indictment could be considered in such proceedings only as evidence, and that a finding thereon " concludes the proceedings for removal, but not for trial," said (p. 568): " It is not the policy of our criminal jurisprudence that an accused shall be permitted to escape trial on the merits of the

charge against him, through a mere defect in the preliminary proceedings leading up to the trial. No discharge by
writ of *habeas corpus* will operate as a bar to further proceedings in the same cause, unless the inquiry on the petition for writ involves a full investigation into the merits
of the case,—the guilt or innocence of the accused." It is
unnecessary to refer to other authorities. While they are
not entirely harmonious the rule to be deduced therefrom
is that the judgment in a *habeas corpus* proceeding can be
regarded as conclusive upon the merits only where the case
presented is one which calls for a final determination of
the ultimate facts and of the law; and not where the proceeding is preliminary and ancillary to a trial upon the
merits. See, for example, *United States* v. *Chung Shee,* 71
Fed. 277, 280; *Kurtz* v. *State,* 22 Fla. 36, 45. Thus it is
held that a judgment in a preliminary examination discharging an accused person for want of probable cause is
not conclusive upon the question of his guilt or innocence
and constitutes no bar to a subsequent trial in the court
to which the indictment is returned. *Commonwealth* v.
*Hamilton,* 129 Mass. 479, 481. Likewise, in extradition
proceedings, a discharge for insufficient evidence will not
preclude a second inquiry. *In re Kelly,* 26 Fed. 852. And
see *Collins* v. *Loisel,* 262 U. S. 426, 429; *In re Begerow,*
*supra,* p. 298. The functions of the commissioner and the
court in removal proceedings under § 1014 are of like character and exercised with like effect. The judgment rendered therein, whatever may be its effect in subsequent
proceedings of the same character involving the same
question—*Salinger* v. *Loisel,* 265 U. S. 224, 230–232; *Collins* v. *Loisel, supra,* p. 430; *United States* v. *Haas,* 167
Fed. 211, 212—does not abridge the power of the trial
court to deal independently with the main cause if the accused be subsequently arrested and brought before that
court to answer to the indictment. In other words, the
commissioner, or the court in review on *habeas corpus,* for

lack of power cannot conclusively adjudge the indictment, *qua* indictment, to be either good or bad or pass finally upon the guilt or innocence of the accused. A decision discharging the prisoner neither annuls the indictment nor blots out the offence. Upon the case here presented, the trial court alone had plenary jurisdiction over the cause and consequently alone had plenary power to pass upon the sufficiency of the indictment as the pleading which initiated and was the foundation of the prosecution.

*Judgment affirmed.*

*Mandate to issue forthwith.*