**DE NOVA et al. v. LEVY, U. S. Marshal, et al.**

(Circuit Court of Appeals, Seventh Circuit. February 28, 1925.)

Nos. 3434, 3435.

Criminal law ⬅═⟹242(6)—Federal commissioner in removal proceedings merely ascertains whether there is reasonable cause to believe prisoner guilty.

Duty of federal commissioner in removal proceedings under Rev. St. § 1014 (Comp. St. § 1674), was merely to ascertain whether there was reasonable cause to believe prisoner was guilty, and legal question of sufficiency and construction of indictment could only be determined by court where indictment was pending.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Separate applications for habeas corpus by Charles De Nova and James De Nova against Robert R. Levy, United States Marshal, and another. From the judgment and order dismissing writs, relators appeal. Affirmed.

Charles A. Williams and Harry L. Brin, both of Chicago, Ill., for appellants.

Edwin A. Olson, U. S. Atty., of Chicago, Ill., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Both appeals were heard together and involved the same questions. They will be disposed of in one opinion. Each party feels aggrieved at an order discharging a writ of habeas corpus issued to review the action of the Unit-

ed States commissioner in holding them "for trial on an indictment returned by a grand jury in the Northern District of Ohio, Western Division."

Appellants, and numerous other defendants, were indicted under section 197 of the United States Penal Code (Comp. St. § 10367), charged with having knowingly and feloniously robbed certain post office employees of a registered mail pouch; the appellants herein being specifically charged with being accessories after the fact to the commission of the offense in that they, and "each for themselves, wilfully, knowingly, maliciously and feloniously assisted said 'the robbers' in concealing themselves from the officers of the law and in making available for the use of said 'the robbers' and of each and several of the above named defendants, the property stolen as the result of the robbery described in this indictment."

Appellants were residents of the state of Illinois where they were apprehended, and removal proceedings, under section 1014 of the Revised Statutes (Comp. St. § 1674) were instituted to take them to the Northern District of Ohio, Western Division, where the cause is pending.

Upon the hearing under section 1014, proof was adduced from which the commissioner found that,

"There appears probable cause to believe the said Charles De Nova guilty of said offense," and he ordered,

"Said Charles De Nova to enter into recognizance, with sufficient surety, in the sum of ten thousand dollars, for his appearance for trial of the said charge, at the next term of the District Court of the United States for the Western Division of the Northern District of Ohio, or in default thereof to be committed to jail."

The same proceedings were had and the same findings were made in respect to James De Nova.

Thereafter, petitions for writs of habeas corpus were filed and upon their hearing it was stipulated that the facts in the petition set forth, "but not the conclusions of law or fact" were true. Both writs of habeas corpus were discharged.

The sole contention of each appellant is that he was not and could not have been an accessory after the fact as charged in the indictment. This position is based on the fact that he was never in the state of Ohio. He, therefore, could not, so he urges, have violated section 197 of the Criminal Code (robbing the mail) in the state of Ohio, by merely becoming an accessory after the fact

in Chicago some months later. In other words, it is appellants' position that sections 333 and 334 (sections 10507, 10508) define separate crimes, and the venue in appellants' case is different from the venue of the crime charged in the indictment.

Considerable misunderstanding respecting the issues triable under these removal proceedings (section 1014) apparently exists among the profession. Likewise, it seems that to contest the relief sought in such proceeding, is a most common and, alas, too frequently, a successful means of securing delay. The decision in Morse v. United States, announced February 2, 1925, 45 S. Ct. 209, 69 L. Ed. ——, subsequent to the oral argument, disposes of both of these appeals.

The court there says:

"The indictment was before the commissioner simply as evidence for the purpose of establishing or tending to establish the commission of an offense; and the commissioner had authority to pass upon its effect in that aspect only. The court reviewing the action of the commissioner under section 1014 upon habeas corpus was governed by the same rules and its decision was subject to the same limitation." * * *

"In other words, the commissioner, or the court in review on habeas corpus, for lack of power cannot conclusively adjudge the indictment, qua indictment, to be either good or bad or pass finally upon the guilt or innocence of the accused. * * * Upon the case here presented, the trial court alone had plenary jurisdiction over the cause and consequently alone had plenary power to pass upon the sufficiency of the indictment as the pleading which initiated and was the foundation of the prosecution."

In other words, appellants' contention that they were guilty, if at all, of a separate offense, when charged in the indictment with being accessory after the fact, was a matter solely for the determination of the judge in the Northern district of Ohio, before whom the criminal cause was pending.

The commissioner properly concluded that he was bound to respect the sufficiency of the indictment as returned by the grand jury, and was merely charged with the duty of ascertaining whether there was reasonable cause to believe the prisoner guilty.

The legal question (the construction of the indictment in the light of sections 332, 333 and 334 of the Criminal Code [Comp. St. §§ 10506, 10507, 10508]) is one which can only be determined by the court where the indictment is pending.

The judgment and the order is affirmed.