## SIMON et al. v. KEVILLE, U. S. Marshal.

(District Court, D. Massachusetts. March 13, 1925.)

No. 2955.

**1. Criminal law ⬅⟿242(6) — Habeas corpus ⬅⟿92(1)—Proceedings for removal of defendant to another district for trial; sufficiency of indictment.**

A commissioner, in proceedings for removal of a defendant to another federal district for trial on an indictment, and the court in habeas corpus proceedings to review his action under Rev. St. § 1014 (Comp. St. § 1674), may consider the indictment only as evidence establishing or tending to establish the commission of an offense by the persons charged, and not for the purpose of determining its sufficiency as a pleading.

**2. Criminal law ⬅⟿242(4)—Proceedings for removal of defendants for trial; sufficiency of indictment.**

An indictment for conspiracy, under Pen. Code, § 37 (Comp. St. § 10201), though insufficient as a criminal pleading to charge conspiracy to commit the offense denounced by Bankruptcy Act, § 29b, subd. 1 (Comp. St. § 9613), alleged as its object, in that defendants were incapable of committing such offense, *held* to contain sufficient to show that they were charged with acts which would amount to a criminal offense, and to warrant their removal for trial.

Habeas Corpus. Petition by Joseph Simon and others against William J. Keville, United States Marshal, for writ of habeas corpus. Writ denied, and petitioners remanded to custody for removal to another district.

Chas. S. Hill, of Boston, Mass., for plaintiff Simon.

Daniel A. Shea, of Boston, Mass., for plaintiffs Shaddock.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. The petitioners for this writ of habeas corpus have been indicted, with others, in the United States District Court for the Northern District of Illinois for conspiracy to commit an offense against the United States, under section 37 of the Penal Code (Comp. St. § 10201). They were apprehended in this district and brought before the United States commissioner, who, after hearing, ordered them committed to the custody of the United States marshal for removal to the Northern district of Illinois for trial on said indictment. Upon these habeas corpus proceedings they seek a review of the action of the commissioner, and pray that they may be discharged from the custody of the marshal.

The case is presented to the court on a copy of the indictment, and the admissions that the corporation therein named has since become bankrupt, and that the petitioners are three of the persons named in the indictment.

[1] In Morse v. United States (decided February 2, 1925) 45 S. Ct. 209, 69 L. Ed. ——, Mr. Justice Sutherland, referring to removal proceedings before commissioners as well as the District Court on habeas corpus, points out that the inquiry in such proceedings is whether there is probable cause to believe the prisoner guilty and justify his removal for trial; that the indictment is before the commissioner simply as evidence, for the purpose of establishing or tending to establish the commission of an offense, and the commissioner has authority to pass upon its effect in that aspect only; that the court, reviewing the action of the commissioner, under section 1014, Rev. Stat. (Comp. St. § 1674), upon habeas corpus, is governed by the same rules, and its decision is subject to the same limitation; and that neither has authority to determine the sufficiency of the indictment as a pleading.

It becomes necessary, therefore, to consider the indictment returned by the grand jury in the Northern district of Illinois in the light of the foregoing rules, with a view of determining whether it establishes, or tends to establish, the commission of an offense by these petitioners.

[2] The charges set forth in the indictment, briefly stated, are these: That the petitioners and others, anticipating and expecting that an involuntary petition in bankruptcy would be filed against the Clarke Jewelry Company, a corporation, followed by an adjudication and appointment of a trustee in bankruptcy, unlawfully, willfully, and feloniously did conspire, combine, confederate, and agree together, and with divers other persons whose names are to the grand jurors unknown, to the end and for the purpose that the Clarke Jewelry Company, while a bankrupt as aforesaid, unlawfully, knowingly, willfully, and fraudulently should conceal from the said trustee, in bankruptcy of the bankrupt estate certain property belonging to the said estate. These allegations are followed by a description of the property and a recital of numerous overt acts done in pursuance of the conspiracy, which consisted in requesting, inducing, and causing certain persons to sell merchandise to the jewelry company, and alleging further that the petitioner Simon journeyed from Boston to Chicago, and there met the other defendants, and then and there participated in a pretended purchase by the said Simon of the assets of the jewelry company. There is no allegation in the indictment that any of the persons named in the indictment were in any way connected with the jewelry company.

From the language of the indictment it appears obvious that the offense against the United States which the defendants conspired to commit was the concealment of assets by a bankrupt of property belonging to his estate, which is denounced as a crime in section 29b, subdivision 1, of the Bankruptcy Act of July 1, 1898 (Comp. St. § 9613).

The petitioners urge, and I think rightfully, that this is an offense which can only be committed by a bankrupt, and that, inasmuch as the indictment fails to allege affirmatively that the bankrupt company, or any of its officers or agents, were parties to the conspiracy, the indictment fails to set out a conspiracy to commit an offense against the laws of the United States. If it were a question of the sufficiency of the indictment as a pleading, I would be inclined to agree with the learned counsel for the petitioners, but it has been recently made clear that such a question cannot be raised in habeas corpus proceedings.

I gather from the opinion in Morse v. United States, supra, and cases cited therein, that the sole question is whether the court, assuming to be true the facts as set out in the indictment, is justified in finding probable cause to believe that the defendants have committed an offense cognizable by the courts of the United States within the district from which the indictment is-

sues. In this case there can be no question about the jurisdiction of the court, and there were sufficient allegations to show that, if a crime was committed, it was committed within the jurisdiction of the District Court for the Northern District of Illinois. The only doubtful aspect of the case is whether the facts recited in the indictment tend to establish the commission of an offense against the laws of the United States, even though essential allegations are absent. The commissioner has ordered the removal of the petitioners. Upon review, I am not persuaded that the action of the commissioner ought to be reversed. The overt acts set out in the indictment, with the general allegations of a conspiracy to the end that the jewelry company would unlawfully conceal assets of its bankrupt estate from the trustee, and the alleged pretended sale of all the assets to one of the defendants, have a marked tendency to show that these defendants were engaged in some enterprise to defeat the provisions of the Bankruptcy Act by means of conduct which would amount to a criminal offense. The facts set out in the indictment warrant the inference that the corporation, or some one representing it, was a party to the conspiracy.

It is stated in Pierce v. Creecy, 210 U. S. 387, at page 402, 28 S. Ct. 714, 718 (52 L. Ed. 1113), that "the only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled." Following this rule, I have reached the conclusion that the indictment tends to show that the petitioners have in fact been charged with a crime in the District Court for the Northern District of Illinois.

The defendants named in the writ of habeas corpus are to be remanded to the custody of the marshal, for removal to the United States District Court for the Northern District of Illinois.