**UNITED STATES ex rel. GELLMAN et al. v. STAUFFER, U. S. Marshal.**

Circuit Court of Appeals, Sixth Circuit.
November 14, 1927.

Nos. 4952, 4953.

Criminal law ⟨⟩242(9)—Court in district to which defendant has been removed from another district, where he is also under indictment, may order him returned (18 USCA § 591).

Where a defendant is under indictment in two federal districts, the court in the one where he is whether under arrest or on bail, may order his removal to the other under Rev. St. § 1014 (18 USCA § 591), and the court in the latter may thereafter, in its discretion, yield its jurisdiction and order defendant returned.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Petition by the United States, on the relation of Harry Gellman and George Hurley, against George A. Stauffer, United States Marshal, for writ of habeas corpus. From an order denying the writ, petitioners appeal. Affirmed.

Otto Christensen, of Los Angeles, Cal. (David D. Stansbury, of Chicago, Ill., on the brief), for appellants.

Leo Klein, Asst. U. S. Atty., of Chicago, Ill. (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and George E. Q. Johnson, U. S. Atty., of Chicago, Ill., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM. Appellants were indicted in the Northern District of Ohio, Eastern Division, charged with conspiring to violate the National Prohibition Act (27 USCA). Proceedings were instituted in the Northern district of Illinois to remove them to Ohio to answer the indictment. While those proceedings were pending, an indictment was returned against them in the Illinois court, charging them with another conspiracy. They appeared in the Illinois court and offered to surrender on the indictment. The court ordered them removed to Ohio, and after their release on bond in that court they were rearrested under a proceeding to return them to Illinois. They applied for writs of habeas corpus, which the District Court denied.

The removal proceedings in both jurisdictions were instituted under section 1014 of the Revised Statutes (18 USCA § 591). The right of the Illinois court to yield its jurisdiction under that statute, and order the removal of appellants without their consent, whether under bond or arrest, is too well settled for argument. United States v. Marrin (D. C.) 227 F. 314; In re Andrews (D. C.) 236 F. 300; Rumely v. McCarthy, Marshal (D. C.) 256 F. 565. In doing so the court did not so relinquish its claim that the other court, in the exercise of a like comity, could not yield its jurisdiction and order appellants returned. It is said, however, that, having offered to submit to "trial" in Illinois, and being forcibly removed therefrom to Ohio, appellants cannot, after giving bail in Ohio, be returned to Illinois; and an analogy is sought to be drawn between section 1014 and section 5278 of the Revised Statutes (18 USCA § 662), in so far as the latter is controlled by the character of the offender's absence from the state where the offense was committed. Section 5278 relates to the extradition of fugitives from justice, and is a rule of conduct for state executives. Whether it operates only upon offenders who are voluntarily absent from the state where the offense was committed we do not decide. It is certain that section 1014 is not controlled by any such consideration.

If the indictment in Ohio were dismissed, or if upon conviction thereon the penalty were paid, it could not be contended, we think, that appellants would not be subject to removal to Illinois to answer the indictment there. The fact that the Ohio indictment is undisposed of does not make improper what would otherwise be proper, if the Ohio court is willing, as evidenced by its order, to yield its jurisdiction. Nor is it material that its order of removal may be a second link in what could conceivably become a chain of removals that would work a hardship upon the accused. The answer to that is that there is time enough to correct such an abuse of discretion after it has been committed, and it has not yet been done. If the removal should prevent appellants from appearing for trial in Ohio, the sureties on their bail bonds would be released. Beavers v. Haubert, 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950, and Haas v. Henkel, 216 U. S. 462, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 112. The proceeding in Ohio involved no constitutional right. Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 69 L. Ed. 522. It was addressed to the discretion of the court, of which there was no abuse.

The judgments are affirmed.