## SWAN v. UNITED STATES.

Circuit Court of Appeals, Third Circuit. November 28, 1927.

Rehearing Denied January 13, 1928.

No. 3703.

Criminal law ⬤⟳242(6)—In removal proceeding, indictment is only evidence and its validity may not be determined, except as evidence of probable cause (18 USCA § 591).

In proceeding for removal of a defendant to another district, under Rev. St. § 1014 (18 USCA § 591), probable cause may be proved by an indictment as evidence, or by other evidence, and when the indictment is introduced the commissioner or judge has authority to determine its validity only as evidence of probable cause.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Proceeding by the United States against Raymond D. Swan for his removal to another district. From an order of removal, made by the District Court, defendant appeals. Affirmed.

Donohue & O'Brien, of Newark, N. J. (James F. X. O'Brien, of Newark, N. J., of counsel), for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. An indictment found in the District Court of the United States for the Southern District of West Virginia charges Raymond D. Swan and others with entering into a scheme to defraud and with use of the United States mails in executing the scheme in violation of section 215 of the Criminal Code, Comp. Stat. 10385 (18 USCA § 338). When Swan was apprehended in New Jersey he resisted removal to West Virginia for trial. Section 1014, R. S., Comp. Stat. 1674 (18 USCA § 591). Following an order of removal made by a commissioner he petitioned a judge of the District Court for the District of New Jersey for a writ of habeas corpus and also issued a writ of certiorari. At the same time the government renewed its application for an order of removal. The judge entered an order denying the petition for a writ of habeas corpus, dismissing the writ of certiorari and granting the government's application. From that order Swan took this appeal and by thirty assignments has specified error and raised questions on many aspects of this sometimes perplexing proceeding.

At the hearing the government, as usual, introduced and relied on a certified copy of the indictment as evidence of probable cause. Admitting identity, Swan, the only witness in his behalf, denied any connection with the alleged scheme to defraud and the mailing of letters in a manner which amounted to a defense of not guilty. United States v. Mathues, 19 F. (2d) 22 (C. C. A. 3d). While we have read the testimony and considered all assignments of error, we feel—in fairness to Swan who stands accused but not yet tried—that we should not in this opinion review his testimony and possibly prejudice him by indicating our views as to its bearing on the crime charged against him. We shall therefore do little more than cite authorities for the law of the case and state our conclusions.

In his main contention that the indictment does not "properly charge a crime" the appellant really attacks the indictment as defective. Clearly that instrument (as both the commissioner and district judge found) charges a crime against him by averring with sufficient particularity his participation with others in the two essentials of the statutory offense: (1) A scheme to defraud; and (2) use of the Unted States mails in executing it. Freeman v. United States, 20 F.(2d) 748 (C. C. A. 3d). Whether, later, the government can support these allegations by evidence is another matter to be determined in another court. The indictment was introduced in this proceeding under section 1014, R. S., not to establish the appellant's guilt but only as evidence to show that there was cause to believe his guilt probable enough to justify his removal for trial. The requisite probable cause in removal cases may be proved by the indictment as evidence, or by other evidence without the production of the indictment, or, indeed, in advance of an indictment. Greene v. Henkel, 183 U. S. 249, 260, 22 S. Ct. 218, 46 L. Ed. 177; Pierce v. Creecy, 210 U. S. 387, 403, 28 S. Ct. 714, 52 L. Ed. 1113; United States v. Greene (D. C.) 100 F. 941, 943. When it is sought to be proved by the indictment, the instrument is prima facie evidence which may be overcome by its own terms when they fail to set forth a crime. Yet no matter how inartificially it may be drafted, the commissioner or judge at a removal hearing has authority to pass upon its effect only in respect to its proof of probable cause. Morse v. United States, 267 U. S. 80, 83, 45 S. Ct. 209, 69 L. Ed. 522; Pierce v. Creecy, supra, pages 401, 402 (28 S. Ct. 714). He has no authority to determine the validity of the indictment when offered only as evidence. That is the function of the trial court; and since it is the very foundation of the charge, the accused when arraigned may there take advantage of its insufficiency or other infirmity. Benson v. Henkel, 198 U. S. 1, 10–12, 25 S. Ct. 569, 49 L. Ed. 919; Morse v. United States, 267 U. S. 80, 83, 84, 45 S. Ct. 209, 69 L. Ed. 522. The indictment in question may or may not be valid in that each of its ten counts charges the posting of a letter in the United States mail on a blank date of a named month; for instance, that the several persons accused "did on the ——— day of April, 1924," mail a letter to a named person, quoting the letter, which bears date April 2, 1924. As the indictment was found on May 27, 1925, conceivably the trial court might, under a familiar rule of criminal law,

allow proof of mailing on any date prior to the finding of the indictment, or it might allow amendment, or it might quash the indictment altogether. Plainly these are matters wholly apart from the use of the indictment as evidence of probable cause at a removal hearing where the sole duty of the commissioner or judge, or other magistrate, and similarly his sole power, is to find whether "probable cause is shown on the government's side." If so, he "is not to set it aside because on the other evidence he believes the defendant innocent." Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 70 L. Ed. 875; Benson v. Henkel, 198 U. S. 1, 10–12, 25 S. Ct. 569, 49 L. Ed. 919; United States v. Mathues, 19 F.(2d) 22, 23 (C. C. A. 3d).

We do not find that the commissioner and the district judge were guided to their judgment by erroneous interpretations of the law applicable to such cases, as the appellant urges, but on the contrary find they followed quite correctly the law of the cases we have cited.

The order of the District Court in effect dismissing the writ of certiorari and the petition for writ of habeas corpus and expressly directing the removal of the appellant from the District of New Jersey to the Southern District of West Virginia for trial is affirmed.