## UNITED STATES ex rel. MILLMOND v. FETTERS, United States Marshal.

### No. 4446.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1931.

Harry Shapiro, of Philadelphia, Pa., for appellant.

Paul Freeman, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Frank Millmond, who was in custody of its Marshal, sued out a writ of habeas corpus alleging he was unlawfully held. On hearing it appeared that Millmond had been committed to such custody by a United States Commissioner, who certified that on a hearing before him, with a view to removing Millmond to the Southern district of New York for trial on a charge of using the mails in a scheme to defraud, the government had produced a certified copy of the indictment and a witness who identified Millmond as the person named in such indictment, and that thereupon he ordered such removal. The indictment sufficiently charged the commission by Millmond of crime, and Millmond's identity was shown. The Commissioner followed the law as stated by this court in U. S. ex rel. Haim v. Mathues, 19 F. (2d) 22, 23, where, referring to the probable cause of the charge and making certain the identity of the person charged, he said: "These are the two things that must be established before the accused can be lawfully removed. In such a hearing the function of the magistrate is not ministerial but is judicial in the limited sense indicated. He must pass on the question of identity—an issue purely of fact—and also on that of probable cause. The indictment is itself evidence that there was probable cause for finding it." On hearing, the judge below dismissed the writ and remanded Millmond to the custody of the Marshal, whereupon he took this appeal.

Before the court below the alleged error of the Commissioner was his ruling, as follows:

"Mr. Shapiro: I want opportunity to produce evidence on the questions of jurisdiction, the crime charged, and probable cause.

"The Commissioner: The Commissioner states that the only evidence he will hear will

be the question of identification; that the indictment is conclusive evidence of jurisdiction and probable cause so far as the Commissioner is concerned."

Under the many authorities that might be cited, it suffices to refer to two in this circuit, viz., U. S. ex rel. Haim v. Mathues, 19 F. (2d) 22, and Swan v. U. S., 23 F.(2d) 148, and to say the Commissioner committed no error in directing Millmond's removal and the court none in discharging the writ.