## UNITED STATES ex rel. LOUIS v. LAUBENHEIMER.
### No. 5079.

Circuit Court of Appeals, Seventh Circuit.
June 26, 1934.

Rehearing Denied July 27, 1934.

Alfred E. Roth, of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Lloyd C. Moody, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

There was exhibited before a United States Commissioner at Chicago a verified complaint of the United States special agent to the effect that, in the District of Minnesota, Third Division, relator did have in his possession an unregistered still, in violation of section 3257, U. S. Revised Statutes (26 USCA § 261), and that he caused mash fit for distillation to be made and to ferment in a building other than an authorized distillery, in violation of section 3282, U. S. Revised Statutes (26 USCA § 307), and asking that relator be apprehended and dealt with according to the law. Thereupon relator, upon the Commissioner's warrant, was brought before the Commissioner and a hearing was had.

An indictment of relator for such offense in the United States District Court for the District of Minnesota, Third Division, was offered in evidence. There is no question respecting the sufficiency of the charges as stated, nor as to the identity of relator as being the same person who was named in the indictment.

■ Generally speaking, the evidence afforded by the indictment and of the identity of the person sought to be removed is sufficient warrant for ordering removal. But it is contended for relator that the indictment here affords no lawful evidence since there appears no indorsement thereon that it is "a true bill," and it does not affirmatively appear that it was returned into open court.

The clerk of the Minnesota District Court certified that the copy which was before the Commissioner "is a true and full copy of the original Indictment, now remaining among the records of said Court in my office." The certified copy shows the indictment to have been signed by the United States Attorney and to have the following indorsements: "Clinton S. Abbott, Foreman of the Grand Jury. Names of Witnesses examined before the Grand Jury: Austin Nolander, Frank A. Williams, J. J. Vogel, Annabelle Stevens,

C. Edson Smith. Filed April 1, 1932. Joel M. Dickey, Clerk. By Margaret L. Mullane, Chief Deputy."

As to the absence of the indorsement "a true bill," so far as it relates to such a proceeding, the omission is merely formal. Federal statutes do not require this indorsement, and the Supreme Court has held it not essential to the validity of an indictment. Frisbie v. United States, 157 U. S. 160, 15 S. Ct. 586, 39 L. Ed. 657.

As to the absence of statement in the clerk's certificate that the indictment was returned into open court, this in our judgment would not nullify the effect of the certified copy as an item of evidence in the removal proceedings. It appears on its face to be an indictment duly signed by the District Attorney and indorsed by the foreman of the grand jury, and on file in the clerk's office as an indictment.

 Indictment is not necessary for removal. The indictment offered in evidence may be fatally defective, but this of itself would not invalidate the order of removal. We quote from Morse v. United States, 267 U. S. 80, 45 S. Ct. 209, 210, 69 L. Ed. 522, what is very much in point here:

"The inquiry in such proceedings is whether there is probable cause to believe the prisoner guilty and justify his removal for trial. That inquiry may be made and the prisoner removed to the trial district in advance of indictment or without the production of the indictment if one has been found. * * * The indictment was before the commissioner simply as evidence for the purpose of establishing or tending to establish the commission of an offense; and the commissioner had authority to pass upon its effect in that aspect only. The court reviewing the action of the commissioner under section 1014 [Rev. St. (18 USCA § 591)] upon habeas corpus was governed by the same rules and its decision was subject to the same limitation. * * * Neither had authority to determine the sufficiency of the indictment as a pleading. The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the State from which he has fled.' Pierce v. Creecy, supra, 210 U. S. 387, 402, 28 S. Ct. 714, 52 L. Ed. 1113. * * *"

And, quoting from Benson v. Henkel, 198 U. S. 1, 12, 25 S. Ct. 569, 571, 49 L. Ed. 919, the court stated:

"When the accused is arraigned in the trial court he may take advantage of every insufficiency in the indictment, since it is there the very foundation of the charge, but to hold it to be the duty of the Commissioner to determine the validity of every indictment as a pleading, when offered only as evidence, is to put in his hand a dangerous power, which might be subject to serious abuse."

 Upon the hearing relator testified that prior to the return of the indictment he had never been in the district where the indictment was found, nor on the Williams farm therein whereon the indictment charges the offense to have been committed. The Government brought a witness who was serving a term in the Leavenworth penitentiary, who testified before the Commissioner, in effect, that he had seen relator in the district prior to the return of the indictment, and had conversed with him there with reference to the Williams farm and had arranged to purchase from him alcohol which was made on the farm. Relator offered evidence which tended to impeach this witness and to dispute his testimony. This the Commissioner rejected, and the rejection is urged as error.

In United States ex rel. Hughes v. Gault, 271 U. S. 142, 46 S. Ct. 459, 460, 70 L. Ed. 875, it was contended that the Commissioner rejected evidence that the relator was innocent and that therefore there was no probable cause to believe him guilty of the crime in Ohio. The court said:

"He (commissioner) is not intended to hold a preliminary trial, and, if probable cause is shown on the government side, he is not to set it aside because on the other evidence he believes the defendant innocent. * * * On a summary proceeding like this, even if the exclusion was wrong, it would not be enough to invalidate the order of removal, as the Commissioner indicated by his finding that he thought there were substantial grounds for the charge of guilt and that it was not for him to decide whether they were met by the denials of the defendant, even if they seemed convincing."

The judgment of the District Court remanding relator to the custody of the marshal for removal in accordance with the order of the Commissioner is affirmed.