**James LAMMERS, Plaintiff,**

v.

**Larry CONRAD, Larry Welnicke, Art Tulachka, and William Morris, Defendants.**

No. 83–C–1999.

United States District Court, E.D. Wisconsin.

Feb. 11, 1985.

**1544**

Douglas P. Pachucki, Milwaukee, Wis., for plaintiff.

Wayne M. Yankala, Simarski & Stack, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the motion of the defendants for dismissal for want of proper service, for partial summary judgment as to the claim in the fourth paragraph of the amended complaint, for an order precluding the plaintiff from prosecuting any claim of permanent injury, and for an order compelling the production of certain signed medical authorizations or, in the alternative, precluding the plaintiff from prosecuting any claims for personal injuries or medical expenses.

The Court has carefully considered the movant's companion requests and concludes, for the reasons stated below, that the petitions for partial summary judgment and for an order precluding pursuit of any claims to personal and permanent injuries and medical expenses must be granted. It further concludes that disposition of the motion to dismiss for lack of service should be held in abeyance until the meeting of Court and counsel at the final pretrial conference.

### RULE 4(j) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE MOTION TO DISMISS FOR WANT OF PROPER SERVICE

By its *Decision and Order* of October 12, 1984, the Court granted the plaintiff's motion to join as additional party-defendants three other persons allegedly involved in the subject arrest—namely, Lieutenant Larry Welnicke, Deputy Sheriff Art Tulachka, and Deputy Sheriff William Morris, all of the Manitowoc County Sheriff's Department. Three days later, on October 15, 1984, the plaintiff filed his amended complaint, incorporating allegations against these three additional defendants.

At the pretrial conference of October 19, 1984, the plaintiff, upon stipulation of the parties, was granted leave to file a supplemental amended complaint, naming Manitowoc County as an additional party-defendant. Pursuant to the Court's order at the time of that hearing, filing and service of the supplemental amended complaint was to have been accomplished by November 16, 1984; moreover, the defendants were to be afforded an opportunity to implead the county if the plaintiff chose not to do so.

As the defendants observe in their brief in support of the present motion, the plaintiff neither filed nor served his supplemental amended complaint by the November 16, 1984, deadline. Indeed, no such complaint has been interposed to date. Moreover, the uncontroverted affidavits of defendants Larry Welnicke, Art Tulachka, and William Morris, filed in support of the petition to dismiss, establish that none of these parties has ever been served with a copy of the plaintiff's amended complaint of October 15, 1984, nor with any other pleadings in this action. *See Affidavits* of Larry Welnicke, Art Tulachka, and William Morris at 1 (December 28, 1984). Invoking Rule 4(j) of the Federal Rules of Civil Procedure, these named but unserved defendants argue that the amended complaint should be dismissed as to them for want of proper service.

Rule 4(j) of the Federal Rules of Civil Procedure establishes a clear time limit by which service upon named defendants is to be accomplished, as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not

made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Pursuant to this rule, the plaintiff must accomplish service on the three newly-named defendants no later than February 12, 1985, exactly 120 days after the amended complaint was filed. Since that deadline date falls just two days prior to the scheduled pretrial conference of February 14, 1985, in this matter, the Court will hold the present motion to dismiss in abeyance until that hearing, at which time the plaintiff, if he has not completed service by February 12, 1985, shall be required to show good cause why such service was not made.

If the Court concludes that the plaintiff's showing does not rise to the level of good cause, it will grant the motion of the defendants Welnicke, Tulachka, and Morris for dismissal, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Until that time, however, the motion shall be held in abeyance.

## THE DUE PROCESS IMPLICATIONS OF THE PLAINTIFF'S ARREST AND THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As the Court recounted in its *Decision and Order* of October 12, 1984, one of the plaintiff's principal claims is that the defendants violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by arresting him in the Manitowoc County Courthouse prior to a hearing arising out of his state criminal conviction for theft by fraud. Specifically, the plaintiff charges that on May 8, 1983, while he was awaiting a hearing before State Circuit Judge Allan Deehr, the defendants, "under color, custom, and usage of the laws of the State of Wisconsin, in willful and reckless disregard of the rights of the plaintiff . . ., arrested the plaintiff and removed him from said courtroom area, thereby depriving the plaintiff of his rights to a hearing in said matter." Plaintiff's *Amended Complaint* at 1–2 (October 15, 1984).

The deposition transcripts of plaintiff James Lammers and defendant Larry Conrad, supplied to the Court by the defendants in support of their present motion, establish in greater detail the facts upon which the plaintiff's due process arrest claim is premised. From its review of these deposition transcripts, the Court is able to determine that on the morning of March 7, 1983, the plaintiff was present at the Manitowoc County Courthouse for a hearing before Judge Deehr on his state probation revocation and a warrant for his arrest arising out of a state criminal conviction. *Deposition of James Lammers* at 8–9 (September 26, 1984). The plaintiff's appearance at the courthouse was voluntary since the scheduled hearing was to be conducted pursuant to his request. *Deposition of James Lammers* at 9 (September 26, 1984).

Upon his arrival at Judge Deehr's courtroom, the plaintiff apparently discovered that the courtroom door was locked and thus decided to wait on a bench located in the outside hallway. *Deposition of James Lammers* at 11–12 (September 26, 1984). Significantly, the plaintiff knew, on the morning of March 7, 1983, both that his probation had been revoked and that a warrant had been issued for his arrest. *Deposition of James Lammers* at 12–13 (September 26, 1984).

On the same morning, a Captain Belz of the Manitowoc County Sheriff's Department assigned to defendant Larry Conrad the task of arresting the plaintiff, as follows:

He [Captain Belz] said that there was a possibility that [plaintiff] Lammers was in the Courthouse, he had been observed by our assistant D.A., and in checking with the Sheboygan Sheriff's Department, there was an active warrant on file, and the two officers that had been assigned to apprehend Mr. Lammers did not know him, he knew that I knew Mr. Lammers, and that I should go along and assist in the arrest.

. . . There was word that Mr. Lammers was in the Courthouse, and that he knew

that I had been involved with an investigation, I could identify him, and I should assist the other two officers in making the identification.

*Deposition of Larry Conrad* at 9–10 (October 3, 1984).

Defendant Conrad was accompanied by co-defendants Welnicke, Tulachka, and Morris, as he walked to the second floor of the Manitowoc County Courthouse where the plaintiff was reportedly seen. *Deposition of Larry Conrad* at 10–11 (October 3, 1984). Thereafter, defendant Conrad identified the plaintiff, approached him, and placed him "under arrest for a felony warrant which has been filed by the Sheboygan Sheriff's Department on behalf of the Probation and Parole Act." *Deposition of Larry Conrad* at 14 (October 3, 1984).

At that time, plaintiff Lammers advised defendant Conrad that although he was aware of the warrant, he was scheduled to appear before Judge Deehr for a hearing at 11:00 a.m. "to discuss that matter with him." *Deposition of Larry Conrad* at 15 (October 3, 1984). Defendant Conrad then entered Judge Deehr's chambers to consult with the Judge and District Attorney Denis Vogel, who directed him to escort plaintiff Lammers to the Manitowoc County Jail until such time as the matter could be heard. *Deposition of Larry Conrad* at 15 (October 3, 1984). Defendant Conrad then left Judge Deehr's chambers, returned to plaintiff Lammers and the other officers in the hallway, and directed defendant Welnicke to take the plaintiff into custody.

After defendant Welnicke handcuffed the plaintiff, all four defendants accompanied him down the hallway and to the stairs where the plaintiff fell, allegedly after being pushed by defendant Conrad. *Deposition of James Lammers* at 26 (September 26, 1984). By the fifth paragraph of his amended complaint, the plaintiff charges that the defendants used excessive and unreasonable force in transporting him to the Manitowoc County Jail, by pushing and shoving him down a flight of stairs in the county courthouse, thus injuring him and requiring his hospitalization, all in violation of his due process rights under the United States Constitution.

■ By their present motion, the defendants contend that the plaintiff has failed to state an actionable claim in paragraph four of the amended complaint—that is, that the conditions and circumstances of his arrest were violative of his due process rights under the Fifth and Fourteenth Amendments. As the defendants state in their supporting memorandum, the plaintiff implicitly assumes by this cause of action that his presence in the Manitowoc County Courthouse in anticipation of a lawfully scheduled judicial hearing somehow provided him with a cloak of immunity from arrest in connection with the subject probation revocation and warrant.

Unfortunately, while the plaintiff's arrest on the morning of March 7, 1983, may have dashed his hopes of petitioning the state court judge for some sort of remedial relief, the Court finds absolutely nothing in the record of this case to suggest that the named defendants in any sense violated the plaintiff's constitutional due process rights by arresting him on that morning. In *United States v. Conley*, 80 F.Supp. 700, 701, 703 (D.Mass.1948), Judge Charles Wyzanski, Jr. addressed this very issue, as follows:

Except in situations covered by statutes and treaties—to which I shall refer later—the general rule is that a party or witness does not have either before or during or after his attendance at any judicial proceeding a personal privilege to avoid service or arrest in connection with any other judicial proceeding. Such privilege as exists belongs not to the individual but to the court [citations omitted]. . . .

Regardless of the appropriate rule for the protection of criminal defendants against civil process, I am clear that a defendant in a criminal case is not ordinarily entitled to protection against the service of process in another criminal case. (Except in extradition cases, to which I shall refer later,) no authority according such protection has been cited

to or found by me. Whether a person comes into the state voluntarily, or on bail, or in custody to answer one criminal charge, he ought to be subject to service of process on charges of other crimes committed before or after his entry. The overriding public policy is to require him to answer and stand trial for every duly presented accusation of violation of law [citation omitted]. Compared with that policy, the dignity of attendance upon the first court, the desire to stimulate obedience to its process and the desire to encourage defendants to clear themselves of the charge first brought against them are of secondary importance.

*See also Morse v. United States,* 267 U.S. 80, 81–82, 45 S.Ct. 209, 209–210, 69 L.Ed. 522 (1925) (arrest, under authority of federal court, of person passing through state to attend trial of indictment against him in another state found not violative of due process clause of Fifth Amendment to federal Constitution); *Mahon v. Justice,* 127 U.S. 700, 706, 8 S.Ct. 1204, 1207, 32 L.Ed. 283 (1888) (finding "no comity between the States by which a person held upon an indictment for a criminal offense in one State can be turned over to the authorities of another, though abducted from the latter").

As discussed above, there is no material dispute between the parties as to the peculiar circumstances of the plaintiff's arrest on the morning of March 7, 1983. Indeed, even if the Court has mischaracterized or improperly understood the factual basis for the due process claim in the fourth paragraph of the amended complaint, the plaintiff, by his decision not to respond to the present motion, has failed to correct any misstatements of fact and, accordingly, to show that there is some genuine issue for trial. Since the law is clear that the plaintiff has failed to state an actionable claim by the fourth paragraph of his amended complaint, thus entitling the defendants to judgment on this cause of action as a matter of law, the Court will grant the pending motion for partial summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. *See Janowiak v. The Corporate City of South Bend,* 750 F.2d 557 (7th Cir.1984) (summary judgment appropriately granted "when there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law").

## RULE 37(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE MOTION TO PRECLUDE PROSECUTION OF CLAIMS

As the defendants accurately note in support of their request that the plaintiff be precluded from pursuing claims at trial for injuries and medical expenses, Rule 37(b) of the Federal Rules of Civil Procedure authorizes the trial court to impose such a sanction when a party fails to comply with discovery orders, as follows:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence; ...

At the pretrial conference of October 22, 1984, counsel for the plaintiff was ordered to submit a position letter regarding his client's claim for permanent injuries by December 3, 1984; thereafter, defense counsel was to be afforded a period of time up to and including January 1, 1985, in which to pursue an independent medical examination. As the record in this case indicates and the defendants confirm by their present motion, the plaintiff has submitted no letter with respect to his claim for permanent injuries. It is on this basis that the defendants now seek an order of the Court precluding plaintiff from pursuing any claim for permanent injury at trial.

■ The clear purpose of the Court's discovery order of October 19, 1984, directing the plaintiff to submit a position letter on his claim for permanent injuries and affording the defendants the opportunity to pursue an independent medical examination, was to insure that both parties to this action would have complete notice of the central issues to be litigated at trial. The plaintiff's failure to provide the opposing parties with any indication of his prosecutorial intentions with respect to a claim for permanent injuries has almost assuredly prevented the defendants from preparing any sort of credible defense to such a claim. Indeed, if the plaintiff were now permitted to pursue such a claim at trial, scheduled to begin just two weeks from the date of today's order, the defendants would be severely prejudiced in a thorough and responsive presentation of their case.

The Court imposes discovery deadlines in the pretrial stage with the clear expectation that the parties will abide by them, absent some compelling reason for an appropriate amendment or enlargement. The plaintiff in this action has provided the Court with no explanation for his failure to abide by the December 3, 1984, deadline and thus, in the Court's view, is not entitled to prosecute those claims at trial which were the subject of the Court's discovery schedule. Accordingly, the Court will grant the defendants' motion insofar as it requests that the plaintiff be precluded from pursuing any claim for permanent injuries at the trial in this matter.

Likewise, the plaintiff has failed to explain to the Court his apparent refusal to sign requested medical authorizations, permitting defense counsel to obtain medical records from the plaintiff's health care providers with respect to the personal injuries and subsequent hospitalization following his fall on the steps at the Manitowoc County Jail on the morning of March 7, 1983. As defense counsel states in his affidavit of December 28, 1984, plaintiff's counsel was twice requested, on March 23, 1984 and on October 19, 1984 to provide copies of any medical reports he may have compiled with respect to claimed special damages in this case. Thereafter, on Sep-

tember 26, 1984, defense counsel asked the plaintiff to execute medical authorizations permitting release of the subject medical records: Then, pursuant to plaintiff's counsel's alternative proposal, defendants' attorney forwarded to opposing counsel some five medical authorizations, none of which has been returned in executed form to date. Moreover, the plaintiff has wholly failed to provide the defendants with any medical reports or summaries of claimed special damages. *See* Affidavit of Wayne M. Yankala at 2–3 (December 28, 1984).

■ The Court's remarks with respect to the plaintiff's failure to submit a position letter on claimed permanent injuries are equally applicable here: The plaintiff's refusal to sign medical authorizations or, at a minimum, provide summaries of claimed special damages effectively prevents defense counsel from preparing and presenting at trial an adequate defense to the claims that may be presented by the plaintiff. Since the plaintiff has declined the opportunity to explain his lack of cooperation in this all-important discovery matter, the Court will grant the present motion insofar as it seeks to prevent him from pursuing any claims for personal injuries or medical expenses at trial in this case.

## CONCLUSION

The Court recognizes that today's order, particularly with respect to the sanctions imposed for the plaintiff's apparent failure to comply with discovery requests and deadlines, may significantly alter the landscape of this litigation; certainly, the dismissal of the claim contained in the fourth paragraph of the plaintiff's amended complaint will have such an effect. At the same time, the Court opines that the plaintiff's utter failure to oppose the motion for partial summary judgment and, perhaps more significantly, to explain his noncompliance with discovery in this matter justify the decisions explained above. In fact, as the Court has already explained, only the 120-day requirement of Rule 4(j) of the Federal Rules of Civil Procedure precludes

the Court from granting the defendants' present motion in toto.

Accordingly, for the reasons articulated herein, the Court hereby:

1. HOLDS IN ABEYANCE the motion of defendants Larry Welnicke, Art Tulachka, and William Morris for dismissal of the amended complaint as to them, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, subject to plaintiff's showing at the final pretrial conference of February 14, 1985, why service was not accomplished in a timely fashion;

2. GRANTS the defendants' motion for partial summary judgment as to the claim contained in paragraph four of the plaintiff's amended complaint, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure;

3. GRANTS the motion of the defendants for an order precluding the plaintiff from pursuing any claim at trial with respect to permanent injuries, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure; and

4. GRANTS the defendants' motion for an order precluding the plaintiff from pursuing any claim for personal injuries or medical expenses at trial also pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

The final pretrial conference in this matter, scheduled for *9:00 a.m., on February 14, 1985*, remains on the Court's calendar. Pursuant to the Court's standard pretrial instructions, counsel for the parties are to prepare their joint final pretrial report in anticipation of that hearing.

Finally, the three-day jury trial in this matter remains on the Court's calendar in a first civil setting to begin at *10:00 a.m., on February 25, 1985*. The Court will provide counsel with additional instructions with respect to preparation for trial at the final pretrial conference.