No. 18,315.

HAROLD SEIGLER *v.* CHARLES CANTERBURY, SHERIFF OF FREMONT COUNTY.

(318 P. [2d] 219)

Decided November 25, 1957.   Rehearing denied December 9, 1957.

Mr. FRANCIS R. SALAZAR, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS action is for review of dismissal of a petition for a writ of habeas corpus. According to the record the petitioner here seems to have dedicated himself to being a career burglar. To be "bagged" now and then and to make occasional sojourns in prison, is apparently to him a mere calculated and "professional" risk.

A determination of this writ of error revolves around extradition proceedings and plaintiff in error's summary of argument is to the effect that the doctrine of res judicata is applicable where extradition has once been refused and could not later on, at a later hearing, be granted; that the requistioned documents from Texas, the demanding state, are insufficient because of non-compliance with the mandatory requirements of the statute; and finally, that the warrant was invalid because issued when petitioner (plaintiff in error) was in custody and not subject to arrest for extradition.

Without detailing the remarkable inaccuracy and insufficiency of the documents presented by the demanding state, we believe that a determination of the question

of the applicability of the doctrine of res judicata is sufficient for our purposes in disposition of this case.

In 1945, in Texas, petitioner pled guilty to a charge of robbery and was sentenced to a term of not less than five and not more than fifteen years in the penitentiary. In 1950 he was conditionally paroled, and in 1951 he left Texas and arrived in Colorado sometime prior to December 1951. In pursuance of his career as a burglar, petitioner robbed a store in Larimer county and was apprehended and tried for that offense and received a sentence of six to ten years in the Colorado State Penitentiary. In January 1952, his conditional pardon in Texas was revoked, and in April 1955, Texas requested extradition of petitioner. On a full hearing in habeas corpus proceeding the extradition was denied by the district court of Fremont county, and petitioner was returned to the Colorado penitentiary, where he served the balance of the minimum requirements of his term, which had commenced on December 8, 1951. He was granted parole, subject to a detainer which had been filed by the Texas authorities, and he refused to waive extradition, and for that refusal he was remanded to the Colorado penitentiary to complete his maximum term, and was released therefrom on January 14, 1957.

The record is clear that at the time of the parole in 1955, Texas demanded extradition on the same basis as the demand is now made without new or additional evidence to supplant any lack thereof in the former demand.

The petition for writ of habeas corpus was filed herein January 14, 1957. After issues were made by the filing of a return by the sheriff and an answer by petitioner, a hearing was had on January 28, 1957, and the trial court dismissed the petition; remanded petitioner to the custody of the Colorado sheriff to be held for the Texas authorities; and entered an order permitting bail.

In 1955, the demand for extradition made by the Texas authorities was that petitioner had broken

his "conditional pardon." The documents in the record in the present demand for extradition disclose that petitioner is wanted by Texas as a "clemency violator." If it could be said there is a distinction between the demand in 1955 and the one in January of 1957, it is one, which in fact and in law, is without a difference. We find nothing in the record to indicate any irregularity in the original extradition proceedings. Counsel for defendant in error, in opposing application of the doctrine of res judicata states, "Here, there had been no determination on the merits, * * *." There is no support in the record for that statement; moreover, the record discloses that at the hearing, petitioner attempted to introduce into evidence documents that were offered in April of 1955 at the hearing then had, but this offer was denied. Such could hardly occur except at a hearing; moreover, when this offer of petitioner was denied he was precluded from showing that the basis of the previous decision was the same as is now before the court.

We fail to understand any contention that might be made to the effect that the rule of res judicata does not apply in such proceedings. If laws, or rules of law, are to be respected they must be respectable. Where the later charge is identical and for the same and exact offense that was determined in the first demand, and is adjudicated, then the doctrine or rule of res judicata applies with equal force as elsewhere.

"To support the plea of *res adjudicata* the burden was upon the relator to show that some issue had been heard and determined in his favor in the prior proceedings, of such a nature as to constitute an estoppel upon a reinvestigation of the same question." *In Re White*, 45 Fed. 237.

"If an alleged fugitive has been discharged from arrest through habeas corpus proceedings after a trial on the merits, he may, if rearrested for extradition for

the same offense, plead res judicata * * *." 35 C.J.S., p. 347, §18.

We fail to understand the persistence of the state of Texas in pursuing this petitioner, since it has already exacted five years of penal servitude and an additional five years served in the Colorado penitentiary, and, according to a letter in the files from the warden of the Colorado penitentiary to the effect that petitioner has applied himself and learned a trade that will enable him to readjust himself as a member of society, and the warden does not hesitate to "recommend this man in any way possible." The theory and practice of rehabilitation is a mockery if thrown to the winds in an attempt by a demanding state for retribution.

The judgment of the trial court is reversed and the cause remanded with directions to enter an order making the writ permanent.