Robert Henry WELLS, Petitioner,

v.

SHERIFF, CARTER COUNTY, Oklahoma; the District Court of Carter County, and the State of Oklahoma, Respondents.

No. A–14647.

Court of Criminal Appeals of Oklahoma.

June 19, 1968.

536

Wallace & Bickford, Ardmore, for petitioner.

Luster Cook, Asst. Dist. Atty., Carter County, Oklahoma, and Charles Owen, Asst. Atty. Gen., State of Oklahoma, for respondents.

BRETT, Judge.

This is an original proceeding in habeas corpus, filed in this Court after the district court of Carter County refused to grant the writ to this petitioner, who was arrested in Ardmore, Oklahoma, on an extradition warrant issued January 17, 1968 by the Governor.

Petitioner, Robert Henry Wells, filed his petition in this Court on March 5, 1968, seeking to avoid extradition to the State of Arkansas on charges of burglary and grand larceny alleged to have been committed on January 13, 1967.

This Court issued its rule to show cause and set the matter down for hearing to be had on March 11, 1968. Petitioner was present at that hearing with his counsel and contended that an earlier order of the district court of Marshall County, Oklahoma, in which that court granted petitioner a writ of habeas corpus on extradition proceedings to the State of Arkansas, is res judicata and bars any further proceedings on the same charges, based on the same facts. In his petition he sets forth that on or about March 27, 1967 petitioner was arrested at Madill, Oklahoma on an extradition warrant issued on the same charges; and that at the conclusion of a habeas corpus hearing on March 31, 1967, the district court entered an order finding petitioner was not within the State of Arkansas on the date the crime was alleged to have been committed, and granted the writ. He attached a certified copy of that order to his petition, which supports his allegation.

However, insofar as the State of Arkansas was represented at the hearing before this Court by Mr. Luster Cook, assistant district attorney for Carter County, and Mr. Charles Owen, assistant attorney general, and since both sides had witnesses present in Court, we heard the testimony.

At the conclusion of the hearing, the Court took the matter under advisement, and granted both sides permission to file briefs, which was done. Thereafter, this Court admitted petitioner to bail, pending a decision of the matter.

Petitioner testified and offered the testimony of seven witnesses in an effort to prove he was not within the State of Arkansas on January 13, 1967. The State offered the testimony of one witness, Mr. William Hugh Davis, III, who testified that he was an accomplice in the crime; that he, Cortez Warren Willis and the petitioner

committed the crime together; that Willis is presently serving a sentence in the Arkansas state penitentiary after having entered a plea of guilty to the charge; and that he likewise entered a plea of guilty to the charge, but was granted probation, and is now working for his brother in Guymon, Oklahoma.

■ However, notwithstanding the presentation of ·the testimony of the alleged accomplice, which would ordinarily be enough to create a conflict of testimony sufficient to deny the writ—concerning whether or not petitioner was in the demanding state on the date alleged—it presently appears that such testimony is directed to a fact already determined by the district court of Marshall County; and, if petitioner's contention is correct that the district court order is res judicata, then the testimony serves no purpose.

When we consider the certified copy of the order issued on March 30, 1967 by the district court of Marshall County, we find it reads as follows:

"* * * [A]nd the Court having sworn the witnesses and heard the testimony of witnesses on behalf of the respondent Robert Wells, and. having heard argument of counsel and being sufficiently advised in the premises, finds,

"That the said Robert Wells is *restrained unlawfully* by reason of an extradition warrant issued by the Governor of the State of Oklahoma at the request of the State of Arkansas *for the reason that he was not within the State of Arkansas at the time the alleged crime was committed,* and that, he is entitled to the writ of habeas corpus." (Emphasis added)

Mr. Thomas E. Shaw, Assistant district attorney for Marshall County, who represented the State of Arkansas at that hearing, was present in court. Mr. Shaw informed the Court that no testimony was offered by the State at that hearing, and that the same witnesses who testified before this Court, also testified before the district court, when that court issued the writ of habeas corpus. Petitioner contends, however, that notwithstanding that fact—(that no testimony was offered for the State of Arkansas)—the facts are the same, and the charges are the same as those presented to the Marshall County district court, and the order of that court is res judicata concerning the question as to whether or not petitioner is a fugitive from justice.

The State stipulated the fact that a hearing was held in Marshall County on March 30, 1967, and that the district court did issue a writ of habeas corpus on petitioner's request; but the State informs this Court that the earlier information was dismissed and the first extradition request was withdrawn. Thereafter, a second information was filed, and a second request for extradition was entered, which precludes the writ from being res judicata.

■ In support of this position, the State recites the general rule from 39 C.J.S. Habeas Corpus § 104, p. 696, as follows:

"The principle of res judicata does not apply so as to render unlawful a subsequent arrest and imprisonment under proceedings which are legal and sufficient and which remove the illegalities, or supply the defects, for which the discharge in the habeas corpus proceedings was granted, * * *. The order or judgment is not res judicata as to issues and facts not decided or not involved in the prior proceedings, and the doctrine of res judicata does not apply if in the subsequent proceedings it is shown that a different state of facts or conditions exists."

We accept the above statement of the general rule. But, there seems to be little doubt that the present information, on which the extradition warrant is based, arises from the same facts involved in the earlier request on which the district court entered a final judgment. We fail to see how the dismissal of the earlier information, and the withdrawal of the extradition request, changes the determination of fact reached by the district court. The date on which the offense was alleged to have been committed remains the same; and the dis-

trict court entered a finding that petitioner was not within the demanding state on that date. Therefore, we are unable to see how a different state of facts or conditions exists to warrant this Court to disregard the final judgment of that court of record.

■ To support the demanding State's position, the respondent submits in his brief, the seventh paragraph of the syllabus to the United States Supreme Court decision in Morse v. United States; 267 U.S. 80, 81, 45 S.Ct. 209, 69 L.Ed. 522, which reads as follows:

"[A] judgment in a habeas corpus proceeding can be regarded as conclusive upon the merits only where the case presented is one which calls for a final determination of the ultimate facts and of the law, and not where the proceedings is preliminary and ancillary to a trial upon the merits."

However, as we read Morse we find the facts to be that in an earlier attempt to remove Harry F. Morse from one federal jurisdiction in Connecticut, to another jurisdiction in New York on the basis of the U. S. Commissioner's authority, the U. S. Federal District Court in Connecticut granted petitioner the writ of habeas corpus *for want of probable cause*, principally on the ground that the New York indictment was insufficient to charge a criminal offense. Removal of Benjamin W. Morse was still pending before the U. S. Commissioner.

On February 6, 1923, both were removed from a train while passing through New York by a U. S. Marshal on bench warrants issued on the federal indictments found in New York. They were granted writs of habeas corpus, but after a hearing the writs were dismissed and an appeal was lodged in the United States Supreme Court.

■ Petitioner's first contention that the arrest of appellants was arbitrary, unauthorized, illegal and violated due process of law under the Fifth Amendment was denied on appeal on the rule of comity between two federal court jurisdictions. Petitioner's second contention was that the decision of the Federal District Court of Connecticut

was res judicata and conclusively determined (1) that the New York bench warrant was illegally issued, (2) that the indictment was fatally defective. The Supreme Court disposed of the question concerning the arrest not being legal by pointing out that the Connecticut arrest was made on the basis of the commissioner's warrant, whereas the New York arrest was made on the basis of the court's warrants and the arrest was therefore legal. The second aspect, concerning the indictment, was disposed of by the court's holding that, "Neither [the Commissioner nor the reviewing court] had authority to determine the sufficiency of the indictment *as a pleading*." The Court pointed out that the indictment was merely offered as proof of the charge, not as a complaint itself. The Supreme Court then said, quoting from Benson v. Palmer, 31 App.D.C. 561, 564, 565, 17 L.R.A.,N.S., 1247:

"It is not the policy of our criminal jurisprudence that an accused shall be permitted to escape trial on the merits of the charge against him, *through a mere defect in the preliminary proceedings* leading up to the trial." (Emphasis supplied)

This constitutes the "heart" of the Honorable Supreme Court's decision, insofar as the entire proceedings in that case involved questions of comity between federal jurisdictions, and authority to determine the sufficiency of the indictment *as a pleading*, preliminary to the trial.

However, the question before this Court does not involve a question concerning the sufficiency of the Arkansas Information, nor that of the extradition papers; but, instead, it involves the question whether or not the final judgment of record of the District Court of Marshall County shall be given verity and stand, unless the same is changed by due process of law. Admittedly, this is an appellate court with power to review decisions of the trial courts of this State, but this present action is not an appeal from the district court of Marshall County. The action before this Court is in the nature of an original proceeding.

■ Likewise, the issues of this case are distinguishable from those of Morse v. United States, supra, insofar as those issues involved preliminary proceedings within the federal judiciary; whereas the issue in this case concerns whether this Court will give recognition to a conclusive finding of fact by a State Court of Record, to-wit: that petitioner is not a fugitive from justice; or, refuse to accord full faith and credit to that court's final judgment, and permit petitioner to be extradited *on the same facts already adjudicated and made a matter of record.*

■ There has been no contention whatsoever that the Marshall County district court lacked jurisdiction to grant the writ of habeas corpus; and, there is no doubt whatsoever that had the writ been granted on the grounds of any procedural defect it would not constitute res judicata to the subsequent proceedings. But such latter situation is not the fact. Furthermore, the principle is well established that full faith and credit must be accorded a final judgment of a foreign state, or the federal courts, so long as it is sufficiently shown that such court possessed jurisdiction to determine the issues involved. Such being the case, it therefore follows that it would be ludicrous for this Court to deny the same faith and credit to a court of record created by our State Constitution.

■ In reviewing the cases concerning this proposition, we note first the Missouri case, Ex parte Messina (1929), 233 Mo.App. 1234, 128 S.W.2d 1082, which involved facts very similar to those in the case now under consideration. In that case the Supreme Court of Missouri held that the writ of habeas corpus granted on the grounds that Messina was not a fugitive from justice, was res judicata to a subsequent effort by the State of Kansas to extradite him on the same charge and issue. In that case the State of Kansas offered even more conclusive evidence to warrant extradition than was offered in the case now before this Court. The Missouri Court said the following, which we consider to be good law:

"It is the duty of the court to keep notes of its proceedings and if after a judgment has been duly recorded there arises a question as to whether or not the record recites the true procedure and finding, any party feeling aggrieved at the error, if so, may file a motion in the court wherein the judgment was rendered asking for a correction. If upon the hearing of such motion there be such existing notes of the proceeding as show error in the recorded record, then and in that event the said court may correct the judgment so as to conform to the facts by what is termed a nunc pro tunc entry. As to the making of such an entry, it appears that neither estoppel nor limitation of time affects the right.

"To further protect against errors in judgments, there is recognized a writ in the nature of the old common law writ of coram nobis. By this recognized procedure, if there be presented to the court that had rendered the judgment the facts that were not within the knowledge of the court and litigants at the time of rendition of the judgment which if known would have caused the court to have pronounced a different judgment, then the erroneous judgment may be set aside and a new judgment in conformity with the revealed facts may be entered."

We observe also a more recent case wherein the Supreme Court of California held the writ of habeas corpus issued by the United States District Court for the Eastern District of Washington, Southern Division, to be res judicata, in the case styled In re Bailleaux, 47 Cal.2d 258, 302 P.2d 801. In that instance, the federal court had made the finding:

" * * * [A]nd being fully advised in the matter, now finds that the said petitioner is being detained by the respondent as agent of the California Adult Authority in violation of his constitutional rights *and that he is not a fugitive from justice*

*of the State of California * * *."* (Emphasis supplied)

In substance, the California Court held that the respondent's actions constituted a collateral attack on a final judgment of the Federal Court, and that such is permitted only where the court entering the judgment was without jurisdiction; and, upon the basis of federal court decisions, found that the court had jurisdiction to issue the judgment; and, allowing that full faith and credit must be accorded a judgment of the federal court, the California Supreme Court held the writ to be res judicata.

In his concurring opinion in the Bailleaux case, Justice Carter of the California Supreme Court recited: "I concur in the result reached in the majority opinion inasmuch as it is directly in line with my dissent in In re Kimler, 1951, 37 Cal.2d 568, 575, 233 P.2d 902, 904."

In the Kimler case, Justice Carter contended that the habeas corpus judgment of the Missouri Court was res judicata, and that Kimler was entitled to be discharged; but at that time, the majority of the court disagreed with him.

We observe also that the Colorado Supreme Court applied the doctrine of res judicata with reference to a writ of habeas corpus granted in 1955 by the district court of Fremont County, to a subsequent demand in 1957, by the State of Texas, wherein the extradition papers stated the same facts set forth in the earlier extradition effort. See: Seigler v. Canterbury, 136 Colo. 413, 318 P.2d 219.

We are, therefore, of the opinion that public policy demands that the final judgment granted at the habeas corpus hearing on March 31, 1967 by the district court of Marshall County be accorded full faith and credit the same as any other final judgment rendered by a court of record of this State; this being for the reason that the said judgment was rendered on the positive finding of fact, that petitioner was not within the demanding State on the date

alleged in the extradition papers. That judgment is therefore, res judicata to the present extradition proceeding which is based on the same facts, and the same charge heretofore adjudicated.

By this decision we are not saying that petitioner cannot be extradited to the demanding State, to face the charges pending there against him; but we are saying that in order for the demanding State to accomplish such extradition, such must be accomplished according to due process of law. As reference was hereinbefore made, under the circumstances of this case it will be necessary for the demanding State to return to the district court of Marshall County for the purpose of correcting an alleged erroneous judgment by nunc pro tunc entry. Such may be accomplished by filing application in the nature of coram nobis, and at the hearing thereon provide sufficient proof to warrant that court to correct its own "erroneous" judgment, if such be erroneous. And as Justice Shain said in the Messina case, supra, "it appears that neither estoppel nor limitation of time affects the right".

Likewise, this decision is not to be confused with those situations wherein the writ of habeas corpus is granted because of the insufficiency of the extradition papers, or other procedural defects which may be subsequently corrected; nor, those situations wherein other facts and issues are presented, which were not decided or not involved in the prior proceedings; for in those situations the granting of a writ of habeas corpus *may not* be res judicata, as to a subsequent extradition demand.

We are, therefore, of the opinion, and so hold in this case, that the judgment rendered by the district court of Marshall County, on March 31, 1967 in that court's case No. 8790, is res judicata to the Governor's Warrant on Foreign Requisition issued January 17, 1968, based upon the request for extradition of petitioner, Robert Henry Wells, by the Governor of the State of Arkansas,

in Columbia County Circuit Court case No. 4286, subject to the provisions stated herein.

Writ of habeas corpus granted.

NIX, P. J., concurs.

BUSSEY, Judge, (dissenting):

I would deny the writ prayed for in the instant case, for the reason that in the extradition hearing in the District Court of Carter County, as indeed, in the hearing in this Court, there was presented sufficient evidence to establish a conflict in the testimony of petitioner's witnesses and those of the respondents' as to the presence of the petitioner in the demanding state at the time the crime charged was allegedly committed. This determination by the District Court of Carter County was preliminary to the determination of whether the petitioner was present in Arkansas at the time the alleged crime was committed, and participated in its commission, and could not be binding on the issues to be determined in that jurisdiction by the jury hearing the case on its merits. In the original hearing conducted in Marshall County, based on a criminal proceeding instituted in Columbia County, Arkansas, and since dismissed, no evidence was offered by the State of Arkansas which in any way tended to establish that the petitioner was in the demanding state at the time the alleged crime was committed.

In my opinion, since the original criminal proceeding in the demanding state forming the basis for the issuance of the Governor's Warrant of Extradition has been dismissed in the demanding state, the original proceeding testing the legality of the Arkansas extradition cannot be reopened, for when a criminal proceeding forming the basis for the issuance of a Governor's Warrant has been dismissed by the demanding state, the courts of the asylum state are without authority to make a further determination of the right of the demanding state to extradite in a habeas corpus proceeding commenced thereunder. It is thus clear that when the State of Arkansas instituted new criminal proceedings within that state and

Governor's Warrant was issued thereon, and the petitioner was found in Carter County, Carter County became the proper forum for the presentation of facts not previously presented in the District Court of Marshall County.