## No. 25262

**Otis Boyd v. Guy F. Van Cleave, Sheriff, County of Adams and State of Colorado**

(505 P.2d 1305)

Decided February 5, 1973.

404

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Lee Belstock, Deputy, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Boyd was arrested in Colorado pursuant to a warrant issued by the Governor of Colorado upon a requisition from the Governor of Kansas which sought Boyd's presence in that state to stand trial on charges for burglary and larceny. Boyd was admitted to bail and sought permanent release by a writ of habeas corpus. Upon hearing, the trial court discharged the writ and remanded Boyd to the custody of the agent of the state of Kansas. This appeal challenges the trial court's ruling.

Our examination of the rendition documents leads us to the conclusion that the proceedings were in compliance with the Uniform Criminal Extradition Act, C.R.S. 1963, 60-1-1, *et seq.,* and that the trial court's ruling was correct.

This proceeding is Kansas' second attempt to extradite Boyd. The first attempt failed when Boyd's first petition for a writ of habeas corpus was granted on the grounds that the rendition papers alleged that Boyd was a fugitive (C.R.S. 1963, 60-1-3) when, it was admitted, he was *not* a fugitive.

The present request is based on C.R.S. 1963, 60-1-6, which authorizes the extradition from this state to the demanding state of

"any person in this state charged in such other state . . . with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, . . . even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Boyd maintains that Kansas requires a preliminary examination before a felony charge may be filed. Kansas Statutes Annotated, Chapter 62, section 805. The determination of this issue is for the demanding state, not the asylum state. The reasoning in *Capra v. Ballarby,* 158 Colo. 91, 405 P.2d 205 (1965), is applicable to the present situation. There we said:

"In determining the sufficiency of an indictment, it has been held that in an interstate rendition proceeding, the asylum state has no authority to pass on the technical sufficiency of an indictment. It has also been held that a governor's extradition warrant is prima facie evidence that all legal requirements have been complied with, and if the subject of extradition desires to attack the technical insufficiency of an indictment, he must do so in the demanding state. *Com. ex rel. Raucci v. Price,* 409 Pa. 90, 185 A.2d 523.

"This court has stated that the provisions in the law regarding extradition should not be, 'so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.' *Travis v. People,* 135 Colo. 141, 308 P.2d 997."

From a review of the several affidavits accompanying the request for rendition by the Governor of Kansas, it is clear — contrary to Boyd's argument — that they were sufficient to show probable cause to believe that Boyd was an accessory and therefore chargeable as a principal. This is so patent that further analysis or discussion is not justified.

The last argument is likewise without merit. *Res judicata* has but limited application in extradition proceed-

ings. Generally, whether a discharge on habeas corpus of one held for extradition bars a subsequent extradition proceeding depends on whether the court in the second proceeding is required to pass upon the same or different matters from those ruled upon by the court in the first proceeding. C.R.S. 1963, 65-1-9(1) and (2)(d); 31 A.L.R.3d 1444, and cases cited therein. If the facts and the issues, as here, are different from those raised by the first petition, the court is not precluded from reaching a different conclusion than it did on the initial petition for a writ of habeas corpus.

██ To sustain the appellant-petitioner's position as to *res judicata* under the record before us would violate the spirit and purpose of the Uniform Criminal Extradition Act. The several states adopted the provisions of this Act so that one who commits a crime in one state cannot go to a sister state to avoid prosecution, or cannot send agents or accomplices from one state into another with impunity while he remains out of the state where the crime is perpetrated. We do not believe the doctrine of *res judicata* should be employed to prevent the correction of errors or cure insufficiencies in extradition proceedings. We so hold.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE LEE concur.