## No. 26947

**Terry J. Tucker v. Gary Shoemaker, Sheriff, Teller County, Colorado**

(546 P.2d 951)

Decided February 23, 1976.            Opinion modified March 22, 1976.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Barney Iuppa, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Lynne M. Ford, Assistant, for respondent-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a discharge by the district court of a writ of habeas corpus attacking extradition proceedings. We affirm.

The facts are not in dispute. Commendably, the parties filed an agreed statement as the record on appeal pursuant to C.A.R. 10(d).

This saga begins in June of 1974, when Petitioner was arrested in Colorado for a parole violation arising from an Illinois conviction. Extradition proceedings were commenced by Illinois and were challenged by the Petitioner in a habeas corpus action in the Pueblo County district court.

On January 16, 1975, after several continuances to permit Illinois to perfect its extradition demand, the district court made permanent its writ of habeas corpus and discharged the Petitioner from custody. The court found at that time only that the requisition documents which were before it did not comply with the applicable statutes.

On June 2, 1975, Petitioner was arrested in Teller County on a "pickup" issuing from Illinois. The basis of the Illinois request for extradition was the same probation violation that had been the subject of the earlier extradition attempt.

Petitioner's sole contention on this appeal is that the district court order issuing the writ of habeas corpus on January 16, 1975 is *res judicata* of the new extradition attempt commenced by Illinois after the Petitioner's arrest on June 2, 1975. The district court held that the doctrine of *res judicata* did not bar a subsequent extradition attempt under the facts of this case and discharged the writ.

■ We think that the recent case of *Boyd v. Van Cleave,* 180 Colo. 403, 505 P.2d 1305 (1973) is dispositive of the Petitioner's contention. In that case we said:

"Res judicata has but limited application in extradition proceedings. Generally, whether a discharge on habeas corpus of one held for extradition bars a subsequent extradition proceeding depends on whether the court in the second proceeding is required to pass upon the same or different matters from those ruled upon by the court in the first proceeding." 180 Colo. at 407, 505 P.2d at 1307.

*See also In re Russell,* 12 Cal.3d 229, 524 P.2d 1295, 115 Cal. Rptr. 511 (1974).

■ The only issue determined by the trial court in the first habeas corpus proceeding was that the Petitioner was then unlawfully detained because Illinois had not provided all the necessary documents required for extradition. *See* section 16-19-104, C.R.S. 1973. The underlying basis or validity of Illinois' extradition demand was not adjudicated in the first habeas corpus proceeding.

The Petitioner's arrest on June 2, 1975 and his habeas corpus challenge to extradition by Illinois placed at issue whether the process under which the Petitioner was at that time detained was sufficient to justify the detention and extradition.

The Petitioner does not now challenge the sufficiency of the present extradition demand. Therefore, there were no valid grounds to support the issuance of a writ of habeas corpus and the district court correctly discharged the writ.

Petitioner raises the possibility of harassment if the demanding state is permitted to file successive extradition demands for the same offense. Petitioner, however, makes no allegations of harassment or·bad faith by Illinois and therefore, we need not address the question of what relief would be appropriate under such a state of facts.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.