## No. 27152

**Gary Gene Allen v. Donald Evans, Superintendent of the Colorado State Penitentiary**

(562 P.2d 752)

Decided April 11, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Norman R. Mueller, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The petitioner sought an injunction against his removal to the State of Idaho under the Interstate Agreement on Detainers. Section 24-60-501, *et seq.*, C.R.S. 1973. The district court denied an injunction. We reverse.

In 1974 Idaho sought to extradite the petitioner for trial in Idaho for first-degree murder and other felonies. The petitioner challenged the extradition proceeding by petitioning for a writ of habeas corpus. The district court in which the matter was brought denied the petition, and later we affirmed. *Allen v. Cronin*, 189 Colo. 540, 543 P.2d 707 (1975).

In the meantime the petitioner was convicted in Colorado of aggravated robbery and was sentenced to a term in the Colorado State Penitentiary. Idaho then sought custody under the Agreement on Detainers in order to have him returned there temporarily for trial. At this juncture the petitioner brought the injunction proceeding. He alleged in his complaint that he wished to contest the sufficiency of the detainer documents presented under the Agreement on Detainers and be given an opportunity to have a hearing to question the authority of the Idaho officials to remove him from the state.

The district court denied the injunction for the reason that the matter was *res judicata* as a result of the habeas corpus proceeding, relying on *Allen v. Cronin, supra*, and *Seigler v. Canterbury*, 136 Colo. 413, 318 P.2d 219 (1957). The court said: "[T]he issues that are or could be presented to this Court are identical with those that were already heard and ruled on . . . .

". . . no new issues exist . . . ."

Neither of the cases cited by the court are dispositive as to the present situation. Here, undoubtedly, the documents under the Agreement

on Detainers were prepared after the petition for habeas corpus was denied. In any event, any insufficiency in these documents was not before the court in the habeas corpus proceeding. At this point, it cannot be said that the issues are identical with those presented in the habeas corpus proceeding. *See People v. Casey*, 192 Colo. 568, 563 P.2d 2; *Tucker v. Shoemaker*, 190 Colo. 267, 546 P.2d 951 (1976); and *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1974).

■ To a certain extent we are looking into a vacuum as the petitioner's complaint gives no inkling of the nature of the fatal defects in the documents submitted under the Agreement on Detainers. If there are such defects, they may or may not be such as to be subject to *res judicata.* We are not, however, involved with the question of whether the complaint fails to state facts upon which a claim for relief can be based. This question was not placed before the district court by motion under C.R.C.P. 12(b), and *a fortiori* is not before us.

■ It is premature to place the imprimatur of *res judicata* upon the case at this juncture. Before that doctrine or any other defense can be applied, the court must see what the alleged "defects" are. *See Reese v. Warden,* 193 Colo. 7, 561 P.2d 339, and *Moen v. Wilson,* 189 Colo. 85, 536 P.2d 1129 (1975).

The judgment is reversed and the cause remanded with directions to proceed further under the complaint.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.