Victor M. GARCIA,
Petitioner-Appellant,

v.

Thomas I. COOPER, Superintendent,
Shadow Mountain Correctional
Facility, Respondent-Appellee.

No. 85SA194.

Supreme Court of Colorado,
En Banc.

Jan. 13, 1986.

Rehearing Denied Jan. 29, 1986.

David F. Vela, Colorado State Public Defender, Nick Lusero, Deputy State Public Defender, Salida, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent-appellee.

QUINN, Chief Justice.

The appellant, Victor M. Garcia, appeals from a judgment entered by the District Court of Fremont County, which denied habeas corpus relief in connection with a detainer filed by the state of Florida for an alleged violation of probation and which also denied an injunction against further efforts by the state of Florida to extradite Garcia. We affirm the judgment of the district court.

I.

On April 1, 1983, Garcia was brought before the District Court of El Paso County on a fugitive warrant alleging that he was wanted by the state of Florida for violating

the terms of his probation for a second degree murder conviction. Garcia was committed to the El Paso County jail for thirty days to await the arrival of the requisition documents from the state of Florida and the subsequent issuance and execution of the Colorado governor's warrant, and the matter was continued for thirty days. On May 1, 1983, the district attorney requested and was granted an additional sixty days for filing of the Florida requisition documents and execution of the Colorado governor's warrant.

Because the Florida requisition documents were not filed within ninety days of Garcia's commitment to the county jail, the district court on July 3, 1983, discharged Garcia from custody under the fugitive warrant and dismissed the extradition proceedings. During this ninety-day period, Garcia was also being held on separate criminal charges pending in the District Court of El Paso County, and he was subsequently convicted and sentenced to a twenty-year term of imprisonment on these charges. The requisition documents from Florida ultimately arrived on or about July 14, 1983, whereupon the Colorado governor's warrant issued for Garcia's arrest and extradition as a fugitive. By this time, however, the extradition proceedings had been dismissed.

On May 24, 1984, while incarcerated in the state penitentiary on the previously imposed Colorado sentence, Garcia was served with a detainer notifying him that he was wanted by the state of Florida for a probation violation. Garcia sought permission to request a speedy disposition under the Interstate Agreement on Detainers, but he was told he could not make such a request because the Agreement did not apply to a violation of probation.

On September 10, 1984, the governor of Florida and the governor of Colorado entered into an extradition agreement which provided that Garcia would be made available for extradition to Florida and that after termination of the Florida prosecution for the probation violation he would be then returned to the state of Colorado for completion of his Colorado sentence. Garcia thereafter filed in the District Court of Fremont County a petition for writ of habeas corpus in which he requested that the detainer be dismissed and that the state of Florida be enjoined from making any attempt to extradite him for the probation violation. The district court denied Garcia's petition for habeas corpus and injunctive relief on January 7, 1985. After unsuccessfully moving for reconsideration of the court's ruling, Garcia filed this appeal.

## II.

Garcia initially claims that the Florida detainer must be dismissed because he was not permitted to seek speedy disposition under Article III of the Interstate Agreement on Detainers,[1] which establishes a procedure by which a prisoner incarcerated in one state may demand the speedy disposition of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. § 24–60–501, art. III, 10 C.R.S. (1982). Although the applicability of the Agreement to a probation violation was an open question when Garcia sought habeas corpus and injunctive relief in the district court, Garcia's claim has since been resolved adversely to him by the decision of the United States Supreme Court in *Carchman v. Nash*, —— U.S. ——, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

Recognizing that the Interstate Agreement on Detainers is a congressionally sanctioned interstate compact within the compact clause of the United States Constitution and is thus subject to federal construction, the Supreme Court in *Carchman* held that Article III of the Agreement does not apply to a detainer based on an alleged violation of probation. Since the Agreement does not apply to probation violation charges, Garcia's petition for a writ of habeas corpus on the ground that he was not

---

1. The Interstate Agreement on Detainers was adopted by the Colorado legislature in 1969 and is codified in sections 24–60–501 to –507, 10 C.R.S. (1982).

permitted to seek speedy disposition under Article III of the Agreement is without merit.

## III.

Garcia next claims that sections 16–19–116 and –118, 8 C.R.S. (1978), of the Uniform Criminal Extradition Act establish a maximum limit of ninety days within which a demanding state may perfect the arrest of a fugitive under the Colorado governor's warrant and that the failure of Florida to effectuate his arrest within the statutory period prohibits that state from initiating any further extradition proceedings for the same conduct on which the original extradition proceeding was based. We find this contention devoid of merit.

The Uniform Criminal Extradition Act permits the judge to commit a person charged with being a fugitive to the county jail for a period not exceeding thirty days in order to "enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense...." § 16–19–116, 8 C.R.S. (1978). Pursuant to section 16–19–118, 8 C.R.S. (1978), the judge may recommit the accused for a further period not to exceed sixty days if he is not arrested under the Colorado governor's warrant upon the expiration of the initial period of commitment. These statutes by their terms impose an outside limit of ninety days during which a person may be committed to the county jail while awaiting the execution of the governor's warrant issued in accordance with the requisition of the executive authority of the demanding state.[2]

Nothing in the Uniform Criminal Extradition Act precludes a state from initiating a second extradition proceeding if for some reason it fails to complete the necessary extradition documents within ninety days. On more than one occasion we have held that, in the absence of affirmative evidence manifesting an intent by the demanding state to waive its right to extradite, it is permissible for a state to reinstitute extradition proceedings on the same charges. *See, e.g., Simmons v. Leach*, 626 P.2d 164 (Colo.1981); *Massey v. Wilson*, 199 Colo. 121, 605 P.2d 469 (1980). Because there is no evidence in the record demonstrating any intent on Florida's part to waive its right to extradite Garcia, Florida is not prohibited from making a second effort to extradite him for his alleged violation of probation.[3]

## IV.

Garcia's last argument is that the order of discharge entered on July 3, 1983, by the El Paso County District Court was *res judicata* on any subsequent attempt by Florida to extradite him on the same charges. We again disagree.

*Res judicata* prohibits the relitigating of issues which were raised or could have been raised in an action in which a final judgment is entered on the merits. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). Since the doctrine of *res judicata* requires an adjudication on the merits of the controversy, it obviously has no application to a ruling that is purely procedural in character and that does not implicate the merits of the controversy itself. Indeed, our

2. In *Schumm v. Nelson*, 659 P.2d 1389, 1390 n. 2 (Colo.1983), we noted that the ninety day limitation for commitment does not commence on the date of arrest prior to requisition but rather on the date the accused is first brought to court and advised of the extradition proceeding.

3. Garcia also argues that to sanction a repeated effort at extradition not only could lead to harassing prosecutions by a demanding state but, under his present circumstances, would also interfere with his ability to participate in reha-

bilitation programs in Colorado. The trial court, however, found that the state of Florida did not act in any way to harass or annoy Garcia, and there is no evidence in the record to support any contrary finding. As to Garcia's interest in participating in rehabilitation programs, that interest, although an important one, must nevertheless yield to a state's constitutional right to demand the extradition of a fugitive, at least under the circumstances present here. U.S. Const. art. IV, § 2, cl. 2.

1258

cases recognize that the doctrine of *res judicata* has only limited application in extradition proceedings and should not be applied to a demanding state's second effort to extradite an alleged fugitive when the first extradition effort was unsuccessful due to the inadequacy or insufficiency of the requisition documents. *Tucker v. Shoemaker*, 190 Colo. 267, 546 P.2d 951 (1976); *Boyd v. Van Cleave*, 180 Colo. 403, 505 P.2d 1305 (1973).

In this case, the only issue before the El Paso County District Court at the hearing on July 3, 1983, was whether the Florida requisition documents had been filed and the Colorado governor's warrant had been executed within the ninety day period following Garcia's commitment to jail on April 1, 1983. Since the requisition documents had not been filed with the court and the Colorado governor's warrant had not been executed as of July 3, 1983, Garcia was discharged from custody and the extradition proceeding was dismissed on the basis of Florida's noncompliance with the ninety-day limitation of sections 16–19–116 and –118, 8 C.R.S. (1978). This initial discharge of Garcia and the dismissal of the extradition proceeding, however, did not in any manner constitute an adjudication on the merits that Garcia was not wanted by the state of Florida as a fugitive for violating the terms of his probation. Under these circumstances, *res judicata* may not be invoked to bar a subsequent attempt by the state of Florida to extradite Garcia for the alleged probation violation involved in the first extradition attempt.

The judgment is affirmed.