The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Ronald G. JOHNSON, Defendant–Appellant.**

**No. 89CA1639.**

Colorado Court of Appeals, Div. IV.

Sept. 26, 1991.

Rehearing Denied Dec. 12, 1991.

Certiorari Pending Jan. 28, 1992 (92SC30).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cherly A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Griffith, Beach & Allin, Bradford L. Allin, Fort Collins, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Ronald G. Johnson, appeals from a judgment of conviction entered after a bench trial on a charge of violation of bail bond conditions. We affirm.

In March 1987, defendant was sentenced, pursuant to a guilty plea for second degree burglary of a dwelling, to a four-year term of probation. In March 1988, after being arrested on a warrant issued pursuant to a motion to revoke his probation, defendant appeared in the trial court for advisement concerning the alleged revocation proceed-

ings. He was released on a $3,000 personal recognizance bond conditioned for his reappearance before the court on March 25, 1988.

Defendant did not appear on March 25, 1988, but instead went to California where he was charged with, convicted of, and sentenced to imprisonment for another felony offense. As a result of defendant's failure to appear, another warrant was issued in the revocation proceedings based upon the initial burglary conviction. In addition, the prosecution filed a new information charging defendant with violation of bail bond conditions, and a warrant was also issued commanding his arrest on that charge.

On November 14, 1988, the district attorney mailed a letter to the superintendent of the California institution in which defendant was then incarcerated requesting that a detainer be lodged to secure defendant's return to Colorado to answer the outstanding warrants. Certified copies of both charges and outstanding warrants were transmitted with the district attorney's detainer request.

The California Department of Corrections acknowledged receipt of the Colorado request and lodged the detainer on November 22, 1988. On November 29, 1988, California corrections officials apparently advised defendant that two warrants had been lodged requiring his detention for extradition to Larimer County, Colorado, on charges of second degree burglary and violation of bail bond conditions. However, the record does not indicate that defendant was advised concerning his right to request final disposition under the Interstate Agreement on Detainers (IAD), § 24–60–501, et seq., C.R.S. (1988 Repl.Vol. 10B).

Defendant completed serving his California sentence and became eligible for parole in that state in May 1989. The Larimer County authorities were then notified that he was available for return to Colorado, and he was subsequently transported to this jurisdiction on May 28 of that year.

Defendant has made no challenge as to his detention under the warrant issued for his violation of probation pursuant to his conviction for burglary, and no issue concerning that detainer is presented by this appeal. *See Garcia v. Cooper,* 711 P.2d 1255 (Colo.1986).

Defendant contends that the trial court erred in refusing to dismiss the untried information charging him with violation of bail bond conditions because the officials of the sending state failed to provide prompt notification of the detainer based upon that charge. We disagree.

Here, the trial court found that a detainer had been lodged with California corrections officials, who promptly notified defendant that he was wanted to face specified criminal charges in Larimer County, Colorado, and that he would be held pending extradition to Colorado. It also found, however, that defendant had not been advised that he had the right to request final disposition of any untried information underlying the detainer for approximately five and one-half months following its lodging. Those findings are not disputed on appeal and are adequately supported by the record.

■ A defendant is not entitled to an automatic dismissal of charges underlying a detainer as a sanction for violation of the prompt notification requirement of § 24–60–501(III)(c), C.R.S. (1988 Repl.Vol. 10B). Rather, a hearing is required in order to provide the prosecution an opportunity to demonstrate a lack of prejudice resulting to defendant from such violation. *Sweaney v. District Court,* 713 P.2d 914 (Colo.1986).

■ The prosecution bears the burden of proving that defendant was not prejudiced by the sending state's failure to provide adequate and prompt notification under the IAD. *Sweaney v. District court, supra.* *See also People v. Higinbotham,* 712 P.2d 993 (Colo.1986) (construing a similar provision of the uniform Mandatory Disposition of Detainers Act, § 16–14–101, et seq., C.R.S. (1986 Repl.Vol. 8A)).

■ Although the foregoing decisions clearly place the burden of proof upon the prosecution, it is nevertheless necessary that the defendant assert some claim of

prejudice so as to frame the issue to be proven and determined. The absence of such an assertion would require the prosecution to prove a nebulous negative, resulting in fragmented, undefined, and possibly protracted litigation of non-issues.

Here, defendant claimed that he was prejudiced only by being deprived of the possible benefit of concurrent sentences on the California conviction and the untried Colorado information. He asserted no claim before the trial court that he was denied privileges or rehabilitative treatment in California or that his right to a fair trial was affected by the delayed notification.

The trial court accepted defendant's argument as to the lost opportunity for concurrent sentencing and afforded him a speedy trial. However, in lieu of granting defendant's motion for dismissal, the trial court ruled that it would grant full credit for the period between the date the detainer had been lodged and the sentencing date against any sentence that might be imposed in the event of defendant's conviction on the bail bond violation charge.

■ Pursuant to that ruling, defendant was later found guilty, sentenced to a term of eighteen months in the Colorado Department of Corrections, and given credit for 297 days of pre-sentence confinement against that sentence. Defendant was thus placed in a position at least as favorable as might have been achieved if prompt notification had been given in California.

Under these circumstances, we perceive no error in the trial court's denial of defendant's motion to dismiss.

The judgment is affirmed.

STERNBERG, C.J., and ROTHENBERG, J., concur.