**In re the Marriage of Connie L. MOCKELMANN, Appellee,**

and

**Henry A. Mockelmann, III, Appellant.**

No. 04CA0760.

Colorado Court of Appeals, Div. V.

Aug. 11, 2005.

See also 121 P.3d 337, 2005 WL 1903925.

**336**

Miller, Makkai & Dowdle, Patrick D. Dowdle, Denver, Colorado; Recht & Kornfeld, P.C., Daniel N. Recht, Heather R. Hanneman, Denver, Colorado, for Appellee.

Sparks Willson Borges Brandt and Johnson, P.C., Stephen A. Hess, Colorado Springs, Colorado; Barry Seidenfeld, P.C. Barry Seidenfeld, Denver, Colorado, for Appellant.

DAVIDSON, Chief Judge.

In this action dissolving the marriage between Henry A. Mockelmann, III (husband) and Connie L. Mockelmann (wife), husband appeals from the order denying his motion for leave to file "supplemental claims." We affirm.

Procedural facts underlying this case are also set forth in a companion case. *See Mockelmann v. Mockelmann*, 121 P.3d 337, 2005 WL 1903925 (Colo.App. No. 04CA0739, Aug. 11, 2005).

As relevant here, a decree of dissolution awarding certain agricultural equipment and other personal property to wife was entered in 1998. A prior appeal addressed the propriety of the court's order authorizing the clerk of the court to execute various quitclaim deeds and transfer documents pertaining to this property pursuant to C.R.C.P. 70. *See In re Marriage of Mockelmann*, (Colo. App. No. 00CA0280, June 21, 2001) (not published pursuant to C.A.R. 35(f)).

Wife sought further enforcement of the orders in July 2000. Husband was initially ordered to turn over numerous items of this property and, after being found in contempt of court, paid wife approximately $131,000 in July 2001, ostensibly for the items that had not been delivered to her.

In April 2003, husband filed a complaint for civil theft, conversion and related claims, alleging that wife had stolen and sold the property for which he had paid her $131,000 pursuant to the court's contempt order. In a separate opinion, we have affirmed the trial court order dismissing that action. *See Mockelmann v. Mockelmann, supra.*

After the civil court dismissal, husband filed a motion for leave to file the identical claims—which husband entitled "supplemental claims"—in the dissolution action. In denying husband's request, the dissolution court determined that husband's claims were actions at law over which it had no jurisdiction. The court further found that the claims would be "futile," presumably because the ownership of the disputed property had already been determined in the 1998 permanent orders.

■ On appeal, husband contends that his "supplemental claims" are not barred by the doctrine of res judicata. He further argues that because he was precluded from seeking relief from wife's conduct in a separate civil suit, he has been left without a remedy. We agree that husband is not barred from seeking equitable relief, but we conclude that the court properly denied his motion to file "supplemental claims."

As determined in the companion case, husband's tort claims concern property that was the subject of at least three previous orders of the dissolution court and, consequently, may only be addressed by that court. *See Mockelmann v. Mockelmann, supra.*

■ However, dissolution actions are equitable proceedings, not actions at law. *See* § 14–10–107(6), C.R.S.2004; *In re Marriage of Lewis*, 66 P.3d 204, 205 (Colo.App.2003) (dissolution actions are to be resolved by a court sitting in equity). And, as noted in *Mockelmann v. Mockelmann, supra*, as a matter of policy, interspousal legal claims

should not be joined into the otherwise equitable dissolution proceedings, because the joinder would inject extraneous issues that are difficult to address in the unique context of marital dissolution. *See Simmons v. Simmons,* 773 P.2d 602, 605 (Colo.App.1988).

Accordingly, here, we conclude that the dissolution court has jurisdiction to grant relief to husband, but only in equity and not at law.

■ This does not leave husband without a remedy. He alleges that wife took the disputed items after the entry of permanent orders and the contempt order enforcing the permanent orders. That allegation, necessarily, could not have been resolved in those proceedings. Furthermore, although the disputed property was awarded to wife at permanent orders, and the 2001 contempt order does not address the question of ownership of any property paid for by husband pursuant to that order, nonetheless, as wife conceded at oral argument, husband is not barred from asserting an equitable interest in the disputed property or funds paid therefor. Consequently, husband is entitled to seek enforcement or similar relief against wife to recover this alleged interest.

Accordingly, we conclude that, although the trial court properly dismissed husband's "supplemental claims," husband is not precluded from requesting in the dissolution court equitable relief from wife's alleged actions.

The order is affirmed.

Judge DAILEY and Judge STERNBERG* concur.

