**Kirk A. MARSHALL, Plaintiff–Appellant,**

**v.**

**Karen W. MARSHALL, Defendant– Appellee.**

**No. 07CA0418.**

Colorado Court of Appeals, Div. I.

April 3, 2008.

Kirk A. Marshall, pro se.

No Appearance for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, Kirk A. Marshall (father), appeals from the trial court's judgment in favor of defendant, Karen W. Marshall (mother). We affirm in part, reverse in part, and remand with directions.

Father sued mother for damages, alleging that she had breached contracts and committed torts during a dispute over parenting time that arose from the dissolution of their marriage. Acting sua sponte, the trial court dismissed father's action under C.R.C.P. 12(b)(1). The court ruled that the dissolution court had exclusive jurisdiction over the subject matter of father's complaint.

Father contends that the trial court erred in dismissing his action. He argues that the court overlooked section 14–10–129.5(4), C.R.S.2007, which allows a party to bring an independent tort action for damages sustained in a dispute over parenting time. We agree in part.

Section 14–10–129.5(4) provides:

> [T]he court shall order a parent who has failed to provide court-ordered parenting time or to exercise court-ordered parenting time to pay to the aggrieved party, attorney's fees, court costs, and expenses that are associated with an action brought pursuant to this section. In the event the parent responding to an action brought pursuant to this section is found not to be in violation of the parenting time order or schedule, the court may order the petitioning parent to pay the court costs, attorney fees, and expenses incurred by such responding parent. *Nothing in this section shall preclude a party's right to a separate and independent legal action in tort.*

(Emphasis added.)

Because the statutory language is plain and clear, we apply it as written. *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo.2004). This plain language supports three observations:

1. Section 14–10–129.5(4) does not create a new cause of action. It merely recognizes that parenting time disputes may involve conduct that constitutes a statutory or common law tort. *See, e.g.,* § 19–3–304(4)(b), C.R.S.2007 (a person who willfully makes a false report of child abuse or neglect "shall be liable for damages proximately caused thereby"); *see also D & D Fuller CATV Constr., Inc. v. Pace*, 780 P.2d 520, 523–24 (Colo.1989) (recognizing tort of interference with the parent-child relationship).

2. If a parenting time dispute gives rise to a tort claim for damages, that claim must be brought, not in the dissolution court (which is authorized to award only attorney fees, court costs, and expenses), but in a court that has jurisdiction over the parties and subject matter. *Cf. Simmons v. Simmons*, 773 P.2d 602, 605 (Colo.App.1988) ("policy considerations preclude either

permissive or compulsory joinder of interspousal tort claims, or non-related contract claims, with dissolution of marriage proceedings").

3. Section 14–10–129.5(4) does not suggest that breach of contract claims may be based on a parent's failure to comply with a parenting time agreement or order. The dissolution court retains exclusive jurisdiction over that subject matter. *Cf. Mockelmann v. Mockelmann,* 121 P.3d 337, 339 (Colo. App.2005) (claims concerning property that was the subject of a dissolution action must be brought in the dissolution court).

In light of these observations, we conclude that the trial court properly dismissed father's claims for breach of contract. Because those claims are based on allegations that mother failed to comply with parenting time agreements and orders, any relief could be granted only by the dissolution court.

We further conclude, however, that the court erred in dismissing father's tort claims under C.R.C.P. 12(b)(1). The court had subject matter jurisdiction over those claims, even though the claims arose from a dispute over parenting time. *See* § 14–10–129.5(4); *Minto v. Lambert,* 870 P.2d 572, 575 (Colo. App.1993) ("[S]ubject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment."). We express no opinion about the potential viability of father's tort claims under C.R.C.P. 12(b)(5), *see Allen v. Evans,* 193 Colo. 61, 63, 562 P.2d 752, 753–54 (1977), but remand the case so that the trial court may evaluate those claims and conduct further proceedings as necessary.

The portion of the judgment that concerns father's claims for breach of contract is affirmed. The judgment is otherwise reversed, and the case is remanded for further proceedings on father's tort claims.

Judge ROMÁN concurs.

Judge MÁRQUEZ * specially concurs.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Judge MÁRQUEZ specially concurring.

I write separately to explain my view of section 14–10–129.5(4), C.R.S.2007, and to clarify my position on that portion of the opinion indicating that father may bring an independent action in tort for intentional infliction of emotional distress.

Generally, disputes over matters that were the subject of a dissolution action must be brought in the dissolution court. *Mockelmann v. Mockelmann,* 121 P.3d 337, 339 (Colo.App.2005). Independent tort actions have been recognized in cases involving personal injuries to one spouse caused by the other and emotional distress caused by the other's outrageous conduct during the marriage, *see Simmons v. Simmons,* 773 P.2d 602, 603 (Colo.App.1988), and kidnapping by the noncustodial parent. *See D & D Fuller CATV Constr., Inc. v. Pace,* 780 P.2d 520, 523 (Colo.1989).

Here, as the majority notes, father's complaint alleged inter alia that mother had committed tortious acts during an ongoing dispute over parenting time. The record reflects that the parties were divorced in Oklahoma, that they were awarded joint parental decision-making concerning their child, and that mother was awarded primary residential custody of the child. Mother then moved to Colorado with the child, and father moved here later, purportedly to exercise his parenting time. Father's complaint alleges that the parties entered into an agreement regarding parenting time, but mother then moved to another state with the child. Father then brought this action, relying in part on section 14–10–129.5(4).

Among father's claims for relief was one alleging intentional infliction of emotional distress. The claim essentially rests on mother's removing the child from Colorado and depriving father of parenting time while father was recuperating from a severe injury. The complaint contains no allegation of physical injury or conduct contrary to court order.

§ 24–51–1105, C.R.S.2007.

The sentence in section 14–10–129.5(4), "Nothing in this section shall preclude a party's right to a separate and independent legal action in tort," appears in the statute relating to disputes concerning parenting time. It appears only as the last sentence of paragraph (4), which addresses attorney fees, court costs, and "expenses that are associated with an action brought pursuant to this section." No explanation or examples of an independent tort action are provided. Thus, the intent of the General Assembly in adding this sentence is not clear. Arguably, the independent tort action must relate to disputes over parenting time.

In my view, however, the sentence should not be construed so broadly as to recognize an independent action brought under the guise of an intentional tort but with the purpose of enforcing or modifying parenting time. Therefore, I would require that this distinction be made before allowing a claim to go forward.